ELLEN DEAN *vs.* DENNIS MURPHY.

Hampden.   September 28, 1897. — November 22, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Due Care — Negligence — Evidence.*

In an action for personal injuries occasioned to the plaintiff, who was a tenant of the defendant, by falling on a step of a staircase attached to the house, another tenant, having been allowed to state that the steps were loose at the time, cannot be allowed to testify that he had fallen on the same step in the same manner before the accident to the plaintiff, and that the condition of the step when he so fell was the same as when the plaintiff was hurt.

In an action for personal injuries occasioned to the plaintiff, who was a tenant of the defendant, by falling after dark on the step of a staircase which was outside the house and separated from the hall by the rear door, it not being the duty of the owner to light the hallway and there being evidence that the plain-

tiff was in the exercise of due care, another tenant cannot be asked, referring to the time of the accident, "Was there any light in the hallway?" notwithstand-ing the statement of the plaintiff's attorney that the question was asked as bearing on the plaintiff's due care.

TORT, for personal injuries occasioned to the plaintiff on November 10, 1894, by reason of a defect in a set of wooden steps or stairs attached to a tenement house owned by the defendant, of whom the plaintiff was a tenant. At the trial in the Superior Court, before *Dewey*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, the nature of which appears in the opinion.

The case was argued at the bar in September, 1897, and afterwards was submitted on briefs to all the justices.

*N. P. Avery*, for the plaintiff.

*W. H. McClintock*, (*J. B. Carroll* with him,) for the defendant.

BARKER, J. We do not understand from the bill of exceptions that the court excluded any direct testimony that the steps were defective before or at the time when the plaintiff met with her accident. She testified that the step was loose. Her son testified that the steps were all right when she moved into the tenement, and that he knew that they were loose just before she was hurt, and that he noticed they were loose about two months before she was hurt. Mrs. Wilson, the witness who was not allowed to answer the question whether or not she had fallen on the same step in the same manner before the accident to the plaintiff, was allowed to testify that the steps were loose. We therefore regard the question whether she had herself fallen on the step, and the offer to show that the condition of the steps when she fell was the same as when the plaintiff was hurt, as an attempt to show merely that a like accident had previously happened upon the steps to another person than the plaintiff. The happening of such an accident being immaterial, and the witness having been allowed to testify to the condition of the steps, which was material, we think that evidence that she had met with a like accident was properly excluded. The presiding justice might well consider the question and the offer as tending to draw the attention of the jury from the material question as to the condition of the steps, and to prejudice the defendant by compelling him to disprove or to explain an accident of which

he was not shown to have had any previous information, and which as an accident was not material to the question at issue. The remaining exception is to the exclusion of the question, asked of the same Mrs. Wilson, " Was there any light in the hallway ?" We assume that the question related to the time of the plaintiff's accident, although it is not so stated. This being after seven o'clock on a November evening, common knowledge shows that it was after dark, and no evidence that there was artificial light out of doors in the vicinity is stated. The steps on which the plaintiff fell were not in the hallway, but outside the house, and separated from the hall by the entrance door. It was not the duty of the owner to light the hallway, and the question as put, with the negative answer which was evidently expected, might well lead to the unfair inference that the absence of a light in the hall was a fault of the defendant, whose duty, as stated by counsel in offering the evidence, was to look after the hallway. Without giving the evidence in detail, the bill of exceptions states that there was evidence tending to show that the plaintiff was in the exercise of due cáre, and we infer that the real contention was whether the plaintiff fell because of a defective step, or from some other reason consistent with her own due care, but for which the defendant could not be held responsible. Notwithstanding the statement of the plaintiff's attorney, that the question was asked as bearing on the plaintiff's due care, a majority of the court think that, under all the circumstances, the presiding justice was justified in excluding it as tending to raise a false issue, and to lay the ground for an unjustifiable claim that the defendant was at fault in not lighting the hallway.

*Exceptions overruled.*