CATHERINE McGOWAN *vs.* PATRICK MONAHAN.

Suffolk. March 9, 1908. — June 16, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Landlord and Tenant*, Landlord's liability to tenants. *Negligence*, Of one owning or controlling real estate.

In the absence of an agreement on the part of the owner of a tenement house to keep the passageway used in common by the occupants of all the tenements lighted, the landlord's duty to each of the tenants is to keep the passageway in the condition in which it apparently was at the time of the letting of the premises to such tenant, and if, at the time of such letting, the passageway was not lighted in the early hours of the morning, such tenant cannot recover from the landlord for injuries resulting from an accident caused by his tripping at such an early hour on a mat in the passageway on account of darkness.

It is not neglience for the owner of a tenement house of four stories to place a mat in the passageway used in common by the occupants of all the tenements on the upper three stories and in front of a door which leads into a tenement which he occupies on the second floor, and not to warn the tenants of its presence, although he knows that, by the terms under which the tenements are let, the passageway is left dark during a part of the night.

TORT by a tenant in a tenement house against the landlord to recover for injuries received by the plaintiff by reason of her tripping upon a mat alleged to have been negligently placed in the common passageway by the defendant. Writ in the Superior Court for the county of Suffolk dated December 17, 1903.

There was a trial before *Gaskill*, J. The plaintiff testified that at the time of the accident she had been living in the tenement for nearly two years, that the building was arranged

for stores on the ground floor and suites of rooms above; that the suite above the stores was occupied by the defendant and the suite above him was occupied by the plaintiff, while that above her was occupied by one Schwartz; that there was an outside door "which you enter from the street; that the first thing you come to after you enter the door is the stairs going up; that there is a long flight of stairs, then you turn and go up three or four stairs and come to a landing; that this landing is opposite the door of the defendant's suite; that there is no other suite opening out from that landing; that you continue turning to the left and going up stairs and come to the apartments at the time occupied" by the plaintiff; that "there is glass in the outside door, thick, heavy, cloudy glass"; that there was no glass through the door which led into the defendant's suite; that a lamp was lit in the hallway between four and five o'clock in the afternoon, and was left burning until ten o'clock at night; that there was no gas light or gas jet in the hallway at the time of the accident; that on the day of the accident, July 3, the plaintiff had started to go to her work between five and half past five in the morning. "I was going down stairs . . . and I came down my flight of stairs all right. I let go the banisters like this (indicating), and there is a turn, and I hit my foot, my left foot, against the corner of something. I didn't know what it was but I found out afterwards it was the mat. And I fell down. I went to reach for the banisters down and I couldn't catch hold, it was too far down, I would have to stoop, and I fell over on this hand and I broke it."

Other facts are stated in the opinion.

At the close of the plaintiff's evidence, the presiding judge directed a verdict for the defendant, and the plaintiff excepted.

*W. M. Noble*, for the plaintiff.

*N. N. Jones*, for the defendant.

Loring, J. The most that the jury were warranted in finding was that the plaintiff tripped and fell over an ordinary mat in front of the defendant's outer door as she was going down stairs in the dark hours of the morning, through the unlighted common passageway of the tenement house in question.

The plaintiff was the lessee of the tenement next above that occupied by the defendant. The defendant was the owner of

the building and the plaintiff's landlord as well as the occupant of the tenement next below that of the plaintiff.

It should be added that it could have been found that the mat had been put in front of the defendant's door the night before, without warning having been given of its presence, and that the space between the outer side of the mat and the banisters on the edge of the landing was not a wide one. How narrow it was did not appear. Neither did it appear how the plaintiff happened to trip. All that appeared in addition was that the plaintiff was allowed to testify without objection that her daughter examined the mat immediately after the accident and said that it "was turned out of place."

· We do not think that the ruling can be justified on the ground that there was no evidence that the defendant placed the mat or caused it to be placed in front of his outer door. The mat was spoken of by the plaintiff as the defendant's mat without objection on his part. The fact that it was his mat, coupled with the fact that it was in front of his outer door, warranted the finding that he put it there or caused it to be put there.

There was no evidence of an agreement on the part of the defendant to light the common passageways. In the absence of such an agreement the defendant's duty to the plaintiff consisted in keeping the common passageway in the condition it was in, or apparently in, at the date of the lease of the plaintiff's tenement to her. See in this connection *Miles* v. *Janvrin,* 196 Mass. 431; *Andrews* v. *Williamson,* 193 Mass. 92; *Miller* v. *Hancock,* [1893] 2 Q. B. 177. The plaintiff cannot complain that the passageway was dark at the time of the accident. *Jordan* v. *Sullivan,* 181 Mass. 348. *Dean* v. *Murphy,* 169 Mass. 413.

The case at bar therefore resolves itself into the question whether it is an act of negligence to put an ordinary mat before the outer door of a tenement, on a narrow landing which is part of a common passageway, where, by the terms of the contract under which the plaintiff used that common passageway, it was not to be lighted throughout the night. Placing a mat in a common passageway before the outer door of a tenement leading out of it is as matter of common experience usual and ordinary and is a thing which all using the passageway must be taken to expect, and no warning is necessary when it is first done. In

principle the question is not unlike that decided in *Jennings* v. *Tompkins*, 180 Mass. 302. The case of *Toland* v. *Paine Furniture Co.* 179 Mass. 501, is much relied on by the plaintiff. But there the plaintiff was invited on the defendant's premises on business. In such a case the defendant was bound to make them safe by lighting them properly, and there was evidence that they were not properly lighted. Further, there was evidence in that case that the rubber mat over which the plaintiff tripped was curled up on the edge where she tripped, and nailed down on each side, making the place an unsafe one.

*Exceptions overruled.*