ENDORA N. FAXON *vs.* WILLIAM W. BUTLER & others.

Berkshire.    September 13, 1910. — October 19, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Landlord and Tenant. Negligence,* Of one controlling real estate.

The owner of a lodging house, who retains possession and control of the hallways of the building used in common by the tenants, owes a duty to a tenant to maintain them in the same condition that they were in or appeared to be in at the time of his hiring.

A tenant hiring one of the rooms in a lodging house, although he accepts the obvious arrangement of the hallways of the building as they were at the time of the hiring, does not accept the risk of injury from having a dark hallway, in the control of the landlord, which theretofore has been kept lighted all night, left unlighted without notice so as to make it dangerous for a person entering it through a doorway which opens upon the landing at the head of a staircase leading to the story below.

In an action by one of the tenants of a lodging house against the owner of the building, who had possession and control of the hallways of the building used in common by the tenants, for personal injuries alleged to have been caused by the defendant's negligence in failing to light a hallway, there was evidence that the plaintiff hired and occupied a room on the second floor of the lodging house and that this floor was connected by a doorway with an apartment building also owned by the defendant, that this doorway was at the head of the stairs which led to the floor below, that the plaintiff passed through this hallway and doorway several times each day and evening to go into the adjoining apartment building to the offices of a company by which she was employed as a physician, that the hallway was a dark one, constructed without windows, and that before the night of the accident a gas light was left burning there every night until midnight and usually was not extinguished until the next morning, that at about 9.30 P. M. on the evening of the accident, the plaintiff, as was her custom, passed through this hallway into the offices of the company by which she was employed, going through the doorway at the head of the stairs, and found the gas light in the hallway burning as usual, that she remained in the offices of the company performing her duties until a quarter before twelve o'clock, when she started to return to her own room by the same way that she came, that the door between the two buildings always was kept closed, and that it opened toward the apartment building in which were the offices of the company, that the plaintiff opened this door, drawing it toward her a sufficient distance, and then passed through the doorway, closing the door behind her, that, as she withdrew her hand from the knob of the door and was taking her first step toward her own room, she suddenly noticed that she was in total darkness, that she brought her foot down, thinking that it would strike the landing, but that it went over the edge of the landing to the stair below, and she fell down the stairs and was injured. *Held,* that there was evidence of due care on the part of the plaintiff to go to the jury, who in the light of their common knowledge might find that the plaintiff could not reasonably be expected to appreciate instantly the effect of the darkness, which made the use of the hall hazardous. *Held, also,* that the jury would have been warranted in finding that the defendant was negligent in extinguishing the light before the usual time without giving any warning to the tenants.

TORT for personal injuries sustained by the plaintiff on May 15, 1907, while she was passing through a hallway to reach a furnished room hired and occupied by her in a lodging house at North Adams, owned by the defendants and conducted by them under the care and control of their representative, alleging that the defendants were bound to keep the hallways and approaches of the building safe and well lighted, and that, by reason of the

negligence of the defendants in not doing so and on account of the consequent darkness, the plaintiff fell and was injured. Writ dated March 25, 1908.

In the Superior Court the case was tried before *Crosby*, J. The evidence tended to show that the defendants conducted a public lodging house which was in charge of a matron employed by the defendants, a syndicate of five men; that the defendants retained the control and management of the hallways and the lighting of them; that the plaintiff early in the year 1907 hired at a weekly rent a room on the second floor; that the hallway on the second floor leading to this room was a dark hall, which was not lighted by windows and had to be lighted artificially by a gas light near the bath room, which the plaintiff testified was kept burning continually every night and which it had been the custom during all the time that she had occupied the room to keep burning all night; that the second floor hallway was reached by a stairway from the floor below and also by a door at the head of these stairs leading from the apartments adjoining the lodging house on the south, which also were owned by the defendants; that the plaintiff was a practising physician, sixty-seven years of age, in good health and active, and was employed as the regular physician of the Viavi Company which had offices in the adjoining apartments on the second floor; that the doorway leading from the offices of the Viavi Company opened directly into the hallway of the lodging house on the second floor and upon the landing at the head of the stairs; that the door swung toward the rooms of the Viavi Company with a knob on the side next to the head of the stairs; that the width of the landing at the head of the stairs was three feet ten inches and the distance from the edge of the casing of the door to the edge of the landing was fourteen inches; that on the night in question the plaintiff left her room in the lodging house at about 9.30 P. M. and, as was her custom, passed through the hallway into the offices of the Viavi Company by way of the door at the head of the stairs; that as she passed through she found the gas light in the hallway burning as usual; that she remained in the offices of the Viavi Company transacting her business duties until a quarter before twelve o'clock, and then arose and immediately started for her own room, returning as she came by way

of the door at the head of the stairs, this being the only way to reach her room from the offices of the Viavi Company and the one she always had used since occupying her room; that this door hung on the side of the partition next to the offices of the Viavi Company and swung toward the hallway of the Viavi Company instead of into the hall of the lodging house; that she found this door closed, and testified that it always was kept closed; that she opened it, drawing it toward her a sufficient distance, and passed through, closing the door after her; that immediately upon withdrawing her hand from the knob and while she was in the act of taking her first step toward her own room, she suddenly noticed for the first time that the light was out and that she was in utter darkness; that she brought her foot down, thinking that it would strike the landing, but that it went over to the stair below and immediately she found herself falling into space; and that she was badly injured. The plaintiff testified that she passed through this hallway to and from her room to the offices of the Viavi Company several times each day and night and always had found the gas jet burning every time she used the hallway at night except on the night of the accident. She also testified that at the time of the accident she was greatly surprised to find herself in darkness when she had closed the door after her; that she had expected to find the hall lighted and had closed the door and had taken her first step before she noticed that the light was out; that instead of striking the landing, her foot when it came down went over the edge to the stair below and she fell forward; and that it was so sudden she had no time to think.

After the close of the plaintiff's evidence, the judge ordered a verdict for the defendants; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*F. R. Shaw & H. L. Harrington*, for the plaintiff.

*C. T. Phelps & P. J. Ashe*, for the defendants.

BRALEY, J. The defendants, having retained possession and control of the hallways of the building, which were intended to be used in common by tenants, were required to maintain them in the same condition that they were in at the time of the letting to the plaintiff. *Wilcox* v. *Zane*, 167 Mass. 302. *Andrews* v. *Williamson*, 193 Mass. 92, 94. It is apparent from the plaintiff's

evidence, that, the hallway on the second floor upon which her room opened having been constructed without windows, the defendants as a part of their general management of the building always lighted and maintained after dark a gas light in this hall, which not only was left burning until midnight, but, as the jury could find, was not usually extinguished before the next morning. The plaintiff no doubt took the premises as she found them so far as the arrangement of the hallways was obvious. But, under the conditions to which she testified, she did not assume the risk of personal injury from using during these hours an unlighted hall, which might become dangerous because of the location of the stairs leading to the story below. The defendants make no contention that, when injured, she was not lawfully using the hall, and, if the jury were satisfied that the light had been extinguished before the usual time, they would have been warranted in finding that the defendants were negligent. *Lindsey* v. *Leighton*, 150 Mass. 285, 288. *Leydecker* v. *Brintnall*, 158 Mass. 292. *Oxford* v. *Leathe*, 165 Mass. 254. *Wilcox* v. *Zane*, 167 Mass. 302. Nor can it be said as matter of law that the plaintiff failed to use due care. The hall had been lighted as usual when she passed through it to the room on the same floor where she was employed, and upon completion of her work shortly before twelve o'clock, when she opened the door to return, there was no reason to expect from her previous experience that the light had been put out. The door through which she must pass swung into the room, and it was not until the door had been closed that she perceived the hall was in darkness. In taking the first step after passing the threshold her foot went beyond the edge of the landing, causing her to fall into the stairway, and from their common knowledge the jury might infer that she could not reasonably be expected instantly to appreciate the effect of the darkness, which made the use of the hall hazardous. It was for them to determine under the circumstances whether her conduct was ordinarily prudent, or whether instead of stepping forward she should have endeavored to turn back. *Wright* v. *Perry*, 188 Mass. 268. *Wills* v. *Taylor*, 193 Mass. 113. *Hamilton* v. *Taylor*, 195 Mass. 68.

We are accordingly of opinion that the verdict for the defendant was ordered improperly.

*Exceptions sustained.*