JENNIE STONE *vs.* GERTRUDE E. LEWIS & another.

JOSEPH STONE *vs.* SAME.

Suffolk.    March 10, 1913. — June 18, 1913.*

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & DE COURCY, JJ.

*Negligence,* Of one in control of real estate.  *Nuisance.  Landlord and Tenant.*

The owner of a building, which is constructed without any provision for artificial light, who has let it to a tenant under a lease giving the tenant control of the halls and stairways and providing that repairs shall be made by the tenant, is not liable to a subtenant, or to one coming by rightful invitation to a room hired by such subtenant, for personal injuries from falling down a staircase by reason of the darkness of a hallway in the building.

TWO ACTIONS OF TORT, the first by a married woman for personal injuries, and the second by her husband for loss of service and expenses suffered and incurred by reason of the same injuries, both against Gertrude E. Lewis, as owner and lessor, and James D. Russo, as occupant and lessee of the premises numbered 104 and 106 on Essex Street in Boston, the injuries of the plaintiff in the first case being alleged to have been sustained on October 31, 1908, between four and five o'clock in the afternoon, by falling down a flight of stairs when that plaintiff had come from a room on the third floor of the building that was sublet to the Printing Pressmen's Union, of which that plaintiff's husband was a member, where she had been to pay her husband's dues, and the fall being alleged to have been caused by the darkness of the narrow hallway on which the door of the office of the Union opened.  Writs in the Municipal Court of the City of Boston dated December 3, 1910.

On appeal to the Superior Court the cases were tried before *Hitchcock,* J.  The facts shown by the evidence are stated in the opinion.  At the close of the evidence the defendant Lewis asked the judge to make the following rulings, besides two others which were made by him:

* This case is printed out of its order by reason of a temporary withdrawal of the opinion.

"1. That upon all the evidence the plaintiff is not entitled to recover.

"2. If the entire premises were leased under a written lease for a term of years and the alleged accident occurred during the continuance of that lease and it appears thereby that the tenant was to make all repairs, the defendant Lewis could not be held liable under this action for an injury occurring, as in this case alleged, during the continuance of that lease."

"5. The ruling of law is applicable in this case that, the property having been leased by the defendant Lewis and all repairs to be made by the lessee places the property wholly under the control, management and supervision of the lessee, and, [the lessee] being such exclusive occupant, the defendant Lewis cannot be held liable to the plaintiff for the injury complained of in this case.

"6. The plaintiff must prove that she was upon the premises lawfully and by the invitation, allurement and inducement of the defendants or either of them.

"7. If the jury find that the defect complained of was a proper part of the legitimate architectural structure of the building and properly made and constructed at the time the building was built and the building has remained in substantially the same condition as when constructed, in the use of the building the defendant Lewis or the defendant Russo can neither be said to have been negligent in the use of said building.

"8. The jury would not be warranted in finding that the defect complained of constituted a nuisance.

"9. Upon all the evidence the plaintiff has not proven negligence upon the part of the defendant Lewis nor shown any lack of duty upon her part which the defendant Lewis owed the plaintiff."

The judge refused to make any of these rulings, and submitted the cases to the jury with other instructions.

The jury returned a verdict for the defendant Russo in each of the cases, and against the defendant Lewis returned a verdict for the plaintiff in the first case in the sum of $650 and a verdict for the plaintiff in the second case in the sum of $175. The defendant Lewis alleged exceptions to the refusal of the rulings requested by her as stated above, but no exception to any part of the charge given.

*G. L. Mayberry,* for the defendant Lewis.

*S. Bates,* for the plaintiffs.

RUGG, C. J. The female plaintiff (who will hereafter be referred to as the plaintiff) seeks to recover for personal injuries sustained by her, and her husband for expenses incurred by him arising out of the same injury. There was evidence tending to show that the plaintiff, in descending the stairs from a room in a building on Essex Street in Boston, whither she had gone in the dusk of a closing day to pay dues to a society, fell by reason of the absence of artificial light in the hallway. None was provided for in the structure of the building. The building was owned by the defendant Lewis, but was leased wholly by the defendant Russo. The condition of the stairs and hallways had remained in this respect the same during the period of two successive leases from Lewis to Russo, covering nearly ten years. The lease provided that repairs should be made by the lessee. There was evidence tending to show that the building had at first been rented by Russo for tenements for living purposes, but more recently a part had been used for business purposes, one of the tenants being the society to whose room the plaintiff had been on the day of the accident. No request had ever been made of the defendant to change the condition of the halls or stairways as to artificial light. The question is whether there is any evidence upon which to ground liability of the defendant Lewis.

When the landowner has given up entire control of premises to a lessee, "this court has never gone further than to hold [him] liable when the use from which the damage or nuisance necessarily ensues was plainly contemplated by the lease." *Clifford* v. *Atlantic Cotton Mills,* 146 Mass. 47, 49. *Taylor* v. *Loring,* 201 Mass. 283, 285. The only basis for charging the defendant Lewis with negligence is that it may be found to be a nuisance to make no provision for artificially lighting the hallway. It hardly could be contended that as between the owner and the lessee there was any obligation implied by law on the former to light the stairways in the absence of any express contract. It is a familiar principle of the law of landlord and tenant that the latter takes the premises as he finds them, in the absence of fraud or misrepresentation or concealed defects as to which the landlord owes a duty of information. *Hawkes* v. *Broadwalk Shoe Co.* 207 Mass.

117. *Bowe* v. *Hunking,* 135 Mass. 380.   *Roche* v. *Sawyer,* 176 Mass. 71.   In the case at bar the lack of provision for artificial lighting was a part of the construction of the building and was perfectly obvious and must have been well understood by both the defendants and all subtenants.   The same principle applies to the relation between Russo as lessee of the entire building and the society to which he had rented the room from which the plaintiff was coming at the time of her injury.   If the plaintiff in this regard has only the same right of recovery for negligence that the tenant whose room she visited would have had there is no liability.   The right of the plaintiff as one of the general public coming to the building under the limited invitation held out by reason of the character of the building was no broader than the obligation assumed by the landlord expressly or by fair intendment.   There was no change in the premises in the respect which caused the injury to the plaintiff at any time.   There was no ground for recovery by reason of negligent maintenance or care of the premises.   They continued to be in the same condition as when originally leased.   Failure to furnish artificial light when this is due to the construction of the building has never been held to be a nuisance nor to establish liability of the landlord in the absence of express contract or a statutory requirement or circumstances plainly implying assumption of a duty to light.   *Jordan* v. *Sullivan,* 181 Mass. 348.   *McGowan* v. *Monahan,* 199 Mass. 296.   *Dean* v. *Murphy,* 169 Mass. 413.   *Hutchinson* v. *Cummings,* 156 Mass. 329, 330. *Gleason* v. *Boehm,* 29 Vroom, 475.   *Hilsenbeck* v. *Guhring,* 131 N. Y. 674.   *Capen* v. *Hall,* 21 R. I. 364.   In the case at bar it is clear that the defendant Lewis never undertook to regain control of the lighting arrangement or to make any provision therefor.   The structure of the building forbids the implication of assumption of any duty in this regard.   *Marwedel* v. *Cook,* 154 Mass. 235, relied on by the plaintiff, is clearly distinguishable in that there the defendants, who were the owners of the building, reserved to themselves the general lighting arrangements of the halls and passageways and provided means for artificial light which were not in use at the time of the accident, a failure which might have been found to be negligence. The same is true of *Faxon* v. *Butler,* 206 Mass. 500.   In *Toland* v. *Paine Furniture Co.* 179 Mass. 501, the want of light was the fault of the person inviting the plaintiff to the premises to do business

with it. In a case like the present the duty to light common passageways cannot be said as matter of law to be cast upon the landlord or one standing in his shoes. In the absence of some definite obligation to that end, it must be assumed that the rent to the tenant was fixed upon the basis of unlighted passageways.

It follows that a verdict should have been directed in favor of the defendant Lewis. *Green* v. *Pearlstein,* 213 Mass. 360.

*Exceptions sustained.*