DORA POLANSKY *vs.* JACOB S. HELLER.

Essex.    March 23, 1922. — June 9, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Landlord and Tenant,* Common stairways, Liability of landlord for negligence. *Nuisance.*

In the absence of a statute or an agreement, express or implied, the owner of a building, who, letting portions of it to tenants, retains control of the halls and stairways which are used in common by all the occupants of the building, is under no legal obligation to light the common passageways, either for the benefit of the tenants or of persons visiting them for business, social or other purposes.

The owner of a building, who, letting portions of it to tenants, retains control of the halls and stairways which are used in common by all the occupants of the building, is not liable, on the ground that he is maintaining a nuisance, to one who, visiting a tenant of the building on business, is injured by reason of an arrangement of unlighted stairways and halls which was obvious and which existed when the tenancy began.

TORT for personal injuries received by the plaintiff when she fell down a stairway while in a building, numbered 63 on Salem Street in Boston and owned and controlled by the defendant, which she had entered for the purpose of doing business with a tenant of the defendant.  Writ dated December 24, 1917.

In the Superior Court, the action was tried before *N. P. Brown, J.* Material evidence is described in the opinion.  At the close of the evidence, the judge ordered a verdict for the defendant and reported the action to this court upon the following stipulation: "If the case should have been submitted to the jury, then judgment is to be entered for the plaintiff in the sum of $250 costs and interest from the date of the writ; otherwise, judgment for the defendant."

*M. J. McSweeney, W. H. McSweeney & A. Glovsky,* for the plaintiff, submitted a brief.

*R. R. Heller,* for the defendant.

DE COURCY, J.   The defendant owns a four-story brick building on Salem Street in Boston.   The first floor is occupied as a store;

the second is rented to one Silver, a tailor, for his business and res-
idence; and the floors above are let by the defendant for dwelling
purposes.   Access to the upper portion of the building is through
an entrance hallway, from which a flight of fifteen steps leads
to the second floor.   From the hall at the head of this stairway,
a rear flight of steps leads down to the back door and yard.   This
second floor hallway is about three feet wide; and the rear stair-
way cuts into it, so that at the top it is within sixteen inches
of the last riser of the front stairway.   The plaintiff testified
that one afternoon in November, 1917, she had occasion to go
to the premises of Silver, on business; that she went up the front
steps to the hallway on the second floor; that she took one step
and her foot "went into the cut-in area of the back stairs and she
was precipitated down the flight of back stairs."   There was
evidence that the defendant retained control of the halls and
stairways, which were used in common by all the occupants
of the building; and that at the time of the accident there was
no artificial light in said hallway, and but little illumination
from the overhead skylight.   The uncontradicted testimony of
the defendant was that the building was in the same condition
as when constructed and rented; that these hallways were lighted,
if at all, by the tenants; and that he assumed no duty in this
respect.

In the absence of statute or agreement a landlord is under
no legal obligation to light the common passageways, either for
the benefit of the tenants or of persons visiting them for busi-
ness, social or other purposes.   *Dean* v. *Murphy,* 169 Mass. 413.
*Jordan* v. *Sullivan,* 181 Mass. 348.   *McGowan* v. *Monahan,* 199
Mass. 296.   Such an agreement, express or implied, on the part
of the landlord was shown in *Gallagher* v. *Murphy,* 221 Mass.
363, and in *Maran* v. *Peabody,* 228 Mass. 432.   The same appears
to be true of *Marwedel* v. *Cook,* 154 Mass. 235, and *Faxon* v.
*Butler,* 206 Mass. 500, as is pointed out in *Stone* v. *Lewis,* 215
Mass. 594, 597.

The suggestion that by reason of the dangerous condition due
to the original construction of the building the landlord might
be found liable on the ground of nuisance, is untenable.   The
tenant took the premises as he found them; and the lack of pro-
vision for artificial light was obvious to him and to those coming

upon the property to do business with him. See *Stone* v. *Lewis, supra.* In accordance with the terms of the report the entry must be

*Judgment for the defendant.*