GEORGIANNA CAREY *vs*. ISRAEL KLEIN & others.

ARTHUR J. CAREY *vs*. SAME.

Hampden.    November 9, 1926. — April 5, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Landlord and Tenant*, Landlord's liability to guest of tenant, Common stairway. *Negligence*, Of one owning or controlling real estate. *Municipal Corporations*, By-laws and ordinances: building laws.

A landlord of a tenement building, occupied by tenants for dwelling purposes, is under no obligation to light the common halls and stairways under his control unless he is bound to do so by statutory provisions or has undertaken to do so by express or implied agreement; no such implied agreement arises by the mere relation of landlord and tenant, nor merely from the fact that the construction of the premises left halls and stairways unlighted.

In the absence of such an express or implied agreement or statutory provision, a tenant in such a building takes the premises as he finds them, and those who come to them because of social or business relations with him do not have any right greater than his.

It was proper to order a verdict for the defendant at the trial of an action of tort for personal injuries received when the plaintiff, calling upon a tenant in a tenement building owned by the defendant, fell upon an unlighted stairway, where it appeared that, while the defendant furnished gas fixtures and gas for the lighting of the stairway, he required the tenants of the apartment on each floor to attend to the light on that floor, such evidence not warranting a finding that the defendant either expressly or impliedly undertook to light the stairway in question.

The owner of two tenement houses under one roof, each three stories in
   height with a single apartment on each floor and having a separate
   entrance from the front leading to premises let separately to the tenants
   and not giving access to the tenements of the other house, is not placed
   under a duty to have such entry hall lighted by reason of a city ordi-
   nance requiring, "The public halls and stairways within every office
   building, three or more stories in height, and within every tenement
   house, three or more stories in height, if for more than four families,
   shall have gas or electric lights so located that the stairs and landings
   shall be adequately lighted, and it shall be compulsory on the part
   of the owner of such building to keep said lights lighted from sunset
   to sunrise."

Two ACTIONS OF TORT, the first for personal injuries suf-
fered when the plaintiff fell upon an unlighted stairway in a
tenement building owned by the defendant, and the second,
by the husband of the plaintiff in the first action, for conse-
quential damages. Writs dated October 17, 1923.

In the Superior Court, the actions were tried together be-
fore *Whiting*, J. Material evidence is described in the
opinion. The jury found for the plaintiff Georgianna in the
sum of $3,000, and for the plaintiff Arthur in the sum of $500.
Upon the return, but before the recording of the verdicts, the
judge reserved leave, with the assent of the jury, to enter a
verdict for the defendant, if, upon the exceptions taken or the
questions of law reserved, the Superior Court or the Supreme
Judicial Court should decide that such verdict for the de-
fendant should have been entered. Afterwards by order of
the judge verdicts were entered for the defendants. The
plaintiffs alleged exceptions.

The cases were submitted on briefs.

*J. L. Gray*, for the plaintiffs.

*F. G. Wooden*, *H. P. Small*, & *R. D. Mallory*, for the
defendants.

WAIT, J. These were actions by husband and wife to
recover for damages alleged to have been received in conse-
quence of the fall of the wife upon an unlighted stairway in a
tenement building owned by the defendant. She had been
calling upon her sister, whose husband was the defendant's
tenant of the apartment upon the second floor of the building
numbered 364 Chestnut Street, in Springfield, and was on
her way out of the building when she fell on the last step of

the common stairway between the second and first stories. Upon contradictory evidence, the jury could have found that the hall and stairs at the place were dark; that she was using due care; and that her injuries were caused by her fall and not by disease which led to the fall.

No contention is made that any liability rests upon the defendant unless he owed a duty to light the place of the fall.

The law is settled that a landlord is under no obligation to light the common halls and stairways under his control in tenement buildings occupied by his tenants, unless he has undertaken to do so by express or implied agreement, or is bound so to do by statutory provisions. *Polansky* v. *Heller,* 241 Mass. 484. *Gallagher* v. *Murphy,* 221 Mass. 363, 365. *Stone* v. *Lewis,* 215 Mass. 594, 597. *McGowan* v. *Monahan,* 199 Mass. 296, 298. *Jordan* v. *Sullivan,* 181 Mass. 348. *Dean* v. *Murphy,* 169 Mass. 413, 415. *Marwedel* v. *Cook,* 154 Mass. 235. Compare *Faxon* v. *Butler,* 206 Mass. 500; *Coupe* v. *Platt,* 172 Mass. 458.

The mere relation of landlord and tenant does not place the obligation upon him; nor standing by itself does the fact that the construction of the premises leaves halls and stairways unlighted. *Pizzano* v. *Shuman,* 229 Mass. 240. *Stone* v. *Lewis, supra. Polansky* v. *Heller, supra.* The tenant takes the premises as he finds them, *Andrews* v. *Williamson,* 193 Mass. 92, and those who come to them because of social or business relations with the tenant, do not have any right greater than the tenant's. *Polansky* v. *Heller, supra. Pizzano* v. *Shuman, supra. Stone* v. *Lewis, supra. Alessi* v. *Fitzgerald,* 217 Mass. 576.

The evidence taken most strongly for the plaintiff disclosed that there was a single apartment on each floor; that when the tenant took the second floor apartment, many years before this accident, there was a gas fixture in each hallway; that the landlord agreed to furnish the gas, but required the tenant of the apartment to attend to the light; that his employee who did janitor's work in the building did nothing about the lights. The tenants testified that they attended regularly to lighting the gas jets; and there was testimony, from the first floor tenant, which the jury were at liberty to

disbelieve, that he had lighted the gas on the evening of the accident. This evidence does not justify a finding that the landlord undertook to light the halls and stairways. The only legitimate conclusion from it is that the landlord did not. The judge would have been right in refusing to submit it to the jury. The bill of exceptions shows that he allowed the jury to pass upon the question, but, after verdicts in favor of the plaintiffs, apparently under power reserved under the statute, in accord with G. L. c. 231, § 120, he set them aside and entered verdicts for the defendant.

He was right in instructing the jury that no obligation to light the halls and stairways had been imposed upon the landlord by the ordinances of Springfield. Section 83 of chapter 30 of the ordinances, then in force, provided that: "The public halls and stairways within every office building, three or more stories in height, and within every tenement house, three or more stories in height, if for more than four families, shall have gas or electric lights so located that the stairs and landings shall be adequately lighted, and it shall be compulsory on the part of the owner of such building to keep said lights lighted from sunset to sunrise." The defendant's tenement property was three stories in height. We need not decide whether it was "for more than four families"; because the words quoted from the ordinance relate not to the house but to the "public halls and stairways." There is no dispute that the hall and stairway when the female plaintiff fell, were not used by more than four families; and that the premises numbered 364 and 368 Chestnut Street, whether in law one tenement house or more than one, were so arranged that the tenants of the apartments whose entrance was numbered 368 had no access from 368 to the stairways and halls in 364, here in question, and made no common use of them.

As no liability existed, imposed either by contract or by statutory provision, the defendants were entitled to the verdicts directed. The denial of the plaintiff's motion for a new trial presents no question of law.

*Exceptions overruled.*
*Judgment for defendants on verdicts.*