PEARL TORPEY, Respondent, v. WALTER B. SANDERS, Appellant.
JOHN O. TORPEY, Respondent, v. WALTER B. SANDERS, Appellant.

Fourth Department, June 30, 1936.

*John G. Carpenter*, for the appellant.

*George D. Newton* [*Carroll M. Roberts* of counsel], for the respondents.

THOMPSON, J. After plaintiff-tenant, John O. Torpey, had occupied premises belonging to defendant-landlord, Sanders, as a retail clothing store for some five years, they made a written lease containing the following covenant: " Said Sanders agrees to put in new floor, inside trap door and paint interior." Defendant promptly caused a trap door to be let into the floor of the store and a set of stairs to be built leading to the cellar. When in place, the door was even with the surface of the floor. The door had hinges projecting a little above the floor, and a ring on one end for raising it. The opening was about thirty-two inches wide and six feet long. When in place, the door filled the opening. The trap door and opening were erected lengthwise, and to the full width of an aisle which extended from the front to the back of the store. Along one side, and close to the edge of the opening, there stood a table, upon the face of which a nail was driven. The ring on the door could be slipped over the nail, and the door held in an upright position when desired. On the other side of the opening and close to it stood a clothes rack. When the door was raised, its edge extended above the surface of the table from three to five inches. A person could not proceed along the aisle without traversing the space occupied by the opening. There was no railing or guard around the location of the door or opening. The tenant's use of the cellar was confined to caring for the furnace and storage of goods and empty boxes. His customers had no occasion to go there, nor did the general public.

Injured plaintiff, Pearl Torpey, wife of plaintiff John, assisted him in his business as a saleswoman. She frequently used the trap door and was entirely familiar with it. She was called to the table, which was placed lengthwise along the side of the opening, to show a cap to a prospective customer. She passed around the end of the table, which was flush with the entrance to the stairway. The door was open, and the ring in place over the nail. Failing to observe the opening, she fell to the cellar below and was injured. The judgments appealed from are for the damages thus sustained by plaintiffs.

When defendant-landlord undertook to install the opening and door in the floor of the demised premises, he became charged with the duty of observing reasonable care in doing so.

" The landlord, though a volunteer in making the repairs, is liable, none the less, for negligence in making them. * * * He is charged with liability because having chosen to perform he has thereby become subject to a duty in respect of the manner of performance." (*Marks* v. *Nambil Realty Co.*, 245 N. Y. 256, 258; *Kirshenbaum* v. *General Outdoor Adv. Co.*, 258 id. 489, 496; Restatement, Torts, § 362.)

In our view, plaintiffs have failed to show that defendant did not use reasonable care in the cutting of this opening in the floor and the installation of the trap door.

A trap door is designed for temporary and expeditious use, with as little interference with the use of the floor space which it occupies as possible. Its construction shows that it is not intended to be kept open for any length of time. The free use of the floor space is of much greater importance than the stairway during business hours. No possible danger could be feared from the opening or the trap door in this case when the door was in place. As already seen, the injured plaintiff plunged down the stairway at its entrance. It cannot be said that the absence of a guard rail or barrier at any other point in the opening was the cause of the accident. The presence of a permanent guard or barrier at the point of the accident would hinder the use of the floor when the door was down, and of the stairs when raised. If a movable fixture in the form of a guard or barrier had been provided, there is as little occasion to anticipate that the tenant, members of his family and employees, would adjust it so that it might perform its functions, as there is that they would close the door after using it, in order that an accident might be avoided.

In the circumstances, we cannot hold that the requirements of reasonable care made it incumbent upon the defendant to foresee the happening of an accident of this sort, and to provide a guard, railing or other obstacle at the opening of the stairway, in order that such accidents might be prevented.

We do not find that the work as done constituted a nuisance. It was not an unsafe construction; hence, it did not create a nuisance. It could only become a nuisance by its improper use. There is no claim that with the door in place, there was either negligent condition or nuisance. If continuously open, it might become a nuisance, but this would be due to the manner in which it was maintained by the lessee; then he only would be responsible. (*Ahern* v. *Steele*, 115 N. Y. 203, 209; 2 McAdam Landl. & Ten. [5th ed.] § 298.) But even if the opening and door as constructed did create a nuisance, plaintiffs could not recover from defendant, plaintiff-

tenant having knowingly maintained it, and the injured plaintiff being a member of his family. (*Cullings* v. *Goetz*, 256 N. Y. 287; *Stone* v. *Lewis*, 215 Mass. 594; 104 N. E. 284.)

The judgments should be reversed, with costs, and the complaints dismissed, with costs.

In the first action: All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.

In the second action: All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.