Riley, J.
In this action of tort the plaintiff seeks to recover damages for personal injuries received as a result of a fall upon premises owned by the defendants and negligently maintained by them.
The answer is a general denial and an allegation of contributory negligence on the part of the plaintiff.
The Report states that the plaintiff’s only claim of negligence was that the lights lighting the stairway where she fell were out at the time of her fall and that she raised no other contention concerning the construction, condition or maintenance of the stairway.
At the trial there was evidence tending to show that the plaintiff, who had been a customer of one of the defendants’ tenants for more than a year, went to the tenant’s rooms on the second floor of the building to keep an appointment about 6 o’clock in the evening of October 11, *621 1934; that she kept her appointment which was not over until about 8 o’clock in the evening and then came out of the tenant’s rooms to leave the building; that the lights illuminating the hall and stairway were on when she went into the building at 6 o’clock but that the staircase lights were out when she started to leave at 8 o’clock; that the staircase was somewhat illuminated by the light that came from the tenant’s rooms; that as' she proceeded down the staircase she missed a step and fell and that she did not know whether she made use of the hand-rail in walking down the darkened staircase.
Upon the evidence introduced at the trial, the court found that the defendants were the owners of the building and retained control of the halls and stairway; that they had provided electric lights and assumed the duty of lighting the hallways and stairway after dark; that after dark artificial light was necessary to render the flight of stairs reasonably safe for use; that the plaintiff, having concluded her business with the tenant on the second floor, was descending the lower part of the stairway from a landing between the floors to the entrance of the building when she fell and was injured; that the stairway was the only means of egress provided by the defendants for the use of the second floor tenants and their customers; that it was after dark and the electric lights in the halls and stairway provided by the defendants were not lighted; that the second floor hallway and the stairs down to the landing were partly lighted by the light coming through a glass door in the shop where the plaintiff was leaving; that the stairs from the landing to the entrance were dark and the plaintiff, in descending the stairs, was unable to see; that the plaintiff was in the exercise of due care in descending, the stairs under the circumstances; that in order to render the lower part of the stairway reasonably safe for the plain *622 tiff’s use at the time of the accident, the defendants should have provided artificial light in pursuance of the obligation they had assumed; and that the defendants were negligent in failing to perform the duty they had assumed and found for the plaintiff.
Various of the defendants’ several Requests for Rulings were refused by the judge. The only ones which the defendants have argued that the judge, erred in denying are the following:
4. The defendants’ duty is only to use ordinary care to keep the premises in a reasonably safe condition for the use of tenants and their customers, and the defendants are not insurers of their safety.
5. Where, without action for which he is responsible, a dangerous condition arises on premises operated by a landlord, the law allows a landlord reasonable opportunity to become informed of the danger and to take measures to remedy it; and a landlord, in such a case is not liable unless he is negligent in failing- to infer himself and to take appropriate action.
The defendants also contend that the plaintiff was not, as matter of law, in the exercise of due care. This argument is not now open to the defendants since no Request for a Ruling of Law on this phase of the case was presented to or passed upon by the trial judge nor has his ruling upon the matter been reported by him. (See, however, Faxon vs. Butler, 206 Mass. 500 and Maran vs. Peabody, 228 Mass. 432.)
We do not think that the judge was bound to give the defendants ’ fifth Request for Ruling as it was predicated in part on facts which were not in evidence or which need not have been found by the trial judge. The defendants ’ duty was to use due care to see that the hallway was lighted. Faxon vs. Butler, 206 Mass. 500 at 504, citing Lindsey vs. Leighton, 150 Mass. 285, 288. A ruling may be right al *623 though a wrong reason he assigned therefor. Reilly vs. Selectmen of Blackstone, 266 Mass. 503, 512 and cases cited.
The denial of the defendants’ fourth Bequest for the reason assigned, however, raises a troublesome question for decision. It was said in Povey vs. Colonial Beacon Oil Co., Mass. A. S. (1936) 767 at 773, “The principle has been laid down by repeated decisions that a trial judge sitting without a jury must correctly instruct himself as to the governing rules of law and must pass upon pertinent requests for rulings of law presented to him for this purpose in such a way as to make plain that he has not fallen into error. John Hetherington & Sons, Ltd. vs. William Firth & Co., 210 Mass. 8, 19. Castano vs. Leone, 278 Mass. 429, 431. There is no formula for the disposition of requests for relevant rulings which can dull the edge of this judicial duty.” And again in Adamaitis vs. Metropolitan Life Insurance Co., Mass. A. S. (1936) 1601 at 1604, “The trial judge in a case like the present performs a dual function. He must adopt correct rules of law for his guidance and find the facts as guided by these rules. And upon proper requests therefor he must state the rules of law adopted by him for his guidance as a trier of fact in. order that the right of review thereof may be preserved. ’ ’
The trial judge denied the defendants’ fourth Bequest above quoted, “as inapplicable as the plaintiff’s claim is not based upon a defective condition of the stairway.” It is true that the defendants’ only claim of negligence was that the lights lighting the stairway where she fell were out at the time of her fall and based her right to recover for this negligence of the defendants on the ground that the defendants had assumed the obligation of keeping the stairway in question lighted. However, this obligation which the defendants had assumed did not put upon them a different degree of care in respect to the lighting of the stair *624 way than, it did in' réspect to- other conditions of the premises in question. They'were under no’obligation to light the stairway unless they, had undertaken to do so by express or implied agreement or were bound to-do so by statutory provisions. Sodekson vs. Lynch, et al., Mass. A. S. (1937) 979 at 980 and cases cited. See also Stone vs. Lewis, 215 Mass. 594. Tn the case at bar, the trial judge found that the defendants had assumed the duty of lighting this stairway. Having assumed this duty, the defendants were bound to take reasonable care that the premises they had undertaken to keep lighted were safe and suitable at all times for all persons- who were lawfully using the premises., An instruction to this effect was approved in Marwedel vs. Cook, 154 Mass. 235, 236, one of the leading cases dealing with a landlord’s duty to light the premises. While the duty to light leased premises, apart from statutory obligation, rests on contract, express or implied, the landlord is not an insurer and the right to recover for a violation of such contract, obligation depends upon negligence. Gallagher vs. Murphy, 221 Mass. 363. This seems to have been assumed in Marwedel vs. Cook above, cited, in Faxon vs. Butler, 206 Mass. 500 at 504, and in Maran vs. Peabody, 228 Mass. 432.
It is true that the- , trial judge concluded his Finding of Facts as follows: . “That in order to render the lower part of the stairway reasonably safe for the plaintiff’s use at the time of the accident, the defendants should have provided artificial light in .pursuance of the obligation they had assumed; and that the defendants were negligent in failing to perform, the duty they had assumed.” This follows closely the.language of the court in Maran vs. Peabody, 228 Mass. 432, 434, 435, and has a tendency to .indicaté that the trial judge had-the correct principles -of law in mind in determining the liability of the defendants. On *625 the other hand, the reason assigned for the denial of the plaintiff’s fourth Request might indicate that he felt that a different rule respecting negligence applied in the ease at bar than to one in which the unsafe condition of the stairway resulted from a defect rather than a failure to keep lighted in performance of an assumed duty. On the record we cannot feel sure that the trial judge had the correct principles of law in mind in view of his refusal of the defendants ’ fourth Request, which adequately stated them.
Accordingly, we cannot say that the error in dealing with the defendants ’ fourth Request did not affect the result of the case and, consequently, conclude that a new trial should be had and it is so ordered. See Markiewicz vs. Toton, Mass. A. S. (1935) 2465, 2468 and cases cited; Westcott vs. Doyle, Mass. App. Div. Reports, Vol. 2, No. 5, Page 427; Johanson vs. First National Stores Inc., Mass. App. Div. Reports, Vol. 2, No. 5, Page 447 and cases cited.