Gadsby, J.
These cases are actions of tort for negligence in which the plaintiff seeks to recover damages for .personal injuries as a result of the plaintiff’s falling down the basement stairs in a house owned and occupied by the two defendants.
The plaintiff was a domestic worker, who went out by the day to do housework. She worked one day a week for the defendants for a period of three months. Her hours for such work were usually from 8:30 A. M. or 9 :0Q A. M. to 5:00 P. M. or 5:30 P. M. On May 24, 1941, she started work in the defendants ’ house at about 6:00 P. M. helping to cook the dinner and then serve it. About 8:30 in the evening, after dinner, Mrs. Roseneau asked her to get the tray on which were coffee cups and take them down into the basement, as after-dinner coffee for the guests was to be served in the playroom in the basement. Mrs. Roseneau went down the basment stairs ahead of her, saying that the stairs were dark and she would turn the light on in the basement. This light lighted the lower part of the stairs. When the plaintiff had gone down two or three steps, she fell causing the said injuries.
On the stairs there were three steps down to a landing and then they turned sharply to the left and continued down into the basement. There was no light on the stairs except a window on the landing. At the time of the accident it was dark outside and no light came from this window. There was a door at the head of the stairs which opened towards the dining room door, partially blocking it and partially shutting off the light which came from an overhead light in the center of the dining room. Across the *237 hall was another light, and about fifteen per cent of the rays of this light reached the top of the stairs. There was no railing at the side of the stairs and no light of any kind on the stairs. Although the plaintiff had worked in the basement previously to the day of the accident and had used these stairs, she never had used them in the night; and in the daytime the window on the landing sufficiently lighted the stairs.
The. trial judge found that the lack of any light or any kind of a railing on the dark stairs was negligence on the part of the defendants.
The defendants filed certain requests for rulings as follows:
1. There is no evidence in this action which shows sufficient negligence on the part of the defendants as a matter of law.
2. The court should rule as a matter of law on all the evidence that the plaintiff cannot recover.
3. The court should rule as a matter of law that the plaintiff has failed to prove by a fair preponderance of evidence the allegations contained in her declaration.
4. The evidence in this case warrants a finding for the defendants as the plaintiff failed to prove any breech of duty owed her by the defendants.
5. The court is warranted in finding that the plaintiff was not in the exercise of due care at the time of the accident.
6. The court is warranted in finding that the place where the accident occurred was in the same condition at the time of the accident as it was in at the time of the hiring of the plaintiff and the plaintiff assumed the risk of any conditions that existed at the time of the hiring.
7. The court should rule as a matter of law that the defendants exercised the care of a prudent person in the maintenance of the premises.
*238 8. The court should rule as a matter of law that if the plaintiff went forward when the premises were not sufficiently lighted knowing about the lighting conditions were not sufficient to see proves that the plaintiff’s contributory negligence would be a bar to this action.
9. The court should rule as a matter of law that there was a contractual assumption of any risk as far as the contraction of lighting conditions of the premises were concerned.
The trial judge denied the defendant’s request #4, stating, “I find that the defendants owed to the plaintiff a duty to have these stairs properly lighted.”
This presents for consideration the sole question as to whether the defendants did owe such duty. It is not therefore necessary to go into any question relating to differenttiating between contractual and non-contractual assumption of risk.
As to the court says in Cronin v. Armetage, 285 Mass. 520 at 527, “It is not the whole law of negligence that needs exposition in every case but only that part of it which is essential to clear understanding of the issues which the jury has to determine.” For a case illustrating the distinction between contractual and non-contractual of assumption of risk, see Ashton v. Boston & Maine Railroad, 222 Mass. 65.
The issue in this case has narrowed down to whether the defendants owed the plaintiff the duty of maintaining a lighted stairway. If there is no neglect of duty, there can be no recovery. It was incumbent on the plaintiff to show that her injury was due to some undischarged duty which the defendants owed her.
In Currier v. Whitin Machine Works, 258 Mass. 82 at 84, the court said, “An employer is not under obligation to *239 change the conditions of his ways, works or machinery which exists at the time an employee enters his employment.”
In Cross v. Boston & Maine Railroad, 223 Mass. 144 at 146, “Where these conditions exist at the time of employment, and are obvious, there is no negligence in continuing them because no duty or obligation of the master to the servant is violated by suffering such obvious structures to continue as they are at the time of the contract.”
This is analogous to the landlord and tenant relationship where it has been repeatedly held that there is no duty on the part of the landlord to change the premises. Gallagher v. Murphy, 221 Mass. 363. Pizzano v. Sherman, 229 Mass. 240, at 242, 243. Polanski v. Keller, 241 Mass. 484 at 485. Blaufarb v. Drooker, 251 Mass. 201 at 204. Carey v. Klein, 259 Mass. 90 at 92. Rodde v. Nolan, 281 Mass. 493 at 496, 497.
The burden was on the plaintiff to prove some act of negligence by the defendants. There is no evidence that the stairway as constructed was unsafe or in any way dangerous for use apart from the evidence that it was not lighted. Burke v. Crimmins, 256 Mass. 14. Douglas v. Shepard Co., 217 Mass. 127.
This is not a case where a promise was. made by the defendants to maintain a light that would enable the plaintiff to pass in safety and were negligent in the manner of performing that undertaking so that she was injured while relying on that promise. Gill v. Middleton, 105 Mass. 477. Riley v. Lessner, 160 Mass. 330. Buldra v. Henin, 212 Mass. 275. McLeod v. Rawson, 215 Mass. 257.
The plaintiff therefore took the premises as she found them; there was no obligation on the defendants to change them. The facts do not show that the defendants violated *240 any duty owed to the plaintiff. There is nothing to show negligence on the part of the defendants. Mahoney v. The Great Atlantic & Pacific Tea Co., 269 Mass. 459.
Therefore request #4 of the defendants should have heen allowed. The finding for the plaintiff is vacated and a finding entered for the defendants.