Robbins, J.
This is an action of tort for injuries received in a fall on the stairs between the third and fourth floors of a tenement block where the plaintiff’s husband was the tenant on the fourth (top) floor. The plaintiff claimed her fall was caused by the absence of light and by a worn step. Her husband became a tenant of the defendant November 17, 1941, and the accident occurred February 3, 1942.
At the time she moved into the premises there were light fixtures located on the landings at the bottom of the first, second and third stairways. The stairway leading from the third floor to the fourth floor (the stairway on which she fell) is three feet wide and contains thirteen steps. The landing outside the front door of the tenement which she occupied is three feet wide and three feet long. *420 There was no light fixture on the ceiling- above the landing outside her front door. On Tuesday, February 3, 1942 about 7:30 P. M. she opened the front door of her tenement, turned around to shut the door and started to go down the stairs. .She took one step before she realized the lights were not on and fell clear to the bottom receiving the injuries she complains of.
The worn step was the first step outside the plaintiff’s door, and the light on the third floor landing ordinarily cast light about half way up the stairway she was descending when she fell.
This stairway was used only by her husband, herself and their guests, and was not used by any other tenants, nor by the landlord for any purpose connected with the management of the block.
The lights in the block were controlled by a time clock which had been installed in 1933 or 1934, and the tenants had nothing to do with them. The time clock was set to turn the lights on at four o’clock P. M. and turn them off at six o’clock A. M., and had been so operated during the entire tenancy of the plaintiff’s husband. The clock was set and wound February 1, 1942, and it required setting and winding once a week. Nevertheless, the lights were out when the plaintiff fell. The defendant had received no complaints about the lights being out.
The plaintiff offered in evidence the ordinance of the City of Worcester which reads as follows:
“Sec. 29: The Owner, Lessee or Mortgagee in possession of every apartment house more than two stories in height and more than three families using the public hallway shall keep entrances and all stair halls properly lighted. This section shall apply to existing apartment houses as well as those hereafter erected”.
*421 1 ‘ Section i — Definitions:
Stair Hall (See Public Hallway)”
“Public Hallway, A hall, corridor, passageway, stairs and stair landings used in common by the occupants of the building’ ’.
At the close of the evidence and before final argument the defendant filed the following requests for rulings:
“1. A stairway leading from the third floor to the top-floor of a house, which stairway is designed for use by the tenant on the top floor only, is not a common stairway within the control of the landlord.
“2. The defendant owes no duty to the, plaintiff with reference to premises which are not within his control.
“3. The defendant was under no duty to change the construction of the stairway with reference to any railings therein.
“4. The defendant is not liable for obstructions placed on a common stairway by a tenant or other third persons.
“5. The defendant owed no common law, statutory or ordinance duty to the plaintiff to light the stairway or hall where the plaintiff fell.
“6. If the defendant was obliged, by reason of an implied agreement, statute, or ordinance to light the stairway then the burden is on the plaintiff to prove that the defendant, in the exercise of reasonable care and diligence knew or ought to have known of the failure of the light long enough before the plaintiff was injured to have repaired or remedied the situation.
“7. The plaintiff has failed to show for what period of time the light in the hallways of the building where she lived had been out prior to her fall.
1‘8. Proceeding to walk in the dark is evidence of negligence on the part of the plaintiff.
“9. There is evidence in tins case which would warrant a finding for the defendant.
“10. The plaintiff has the burden of proving that there was a change of' condition as to any worn step from the time of the letting.
*422 “11. The plaintiff has failed to prove any change of condition as to the worn step.
“12. The plaintiff is bound by her statement and evidence that the cause of her fall was the worn step.
“13. The plaintiff has failed to prove that the lack of light in the hall caused her fall.”
The trial court denied requests numbered 1, 5, 6, 8, 9, 12 and 13 and allowed requests numbered 2, 3, 4, 7, 10 and 11.
The trial court made a finding that the city ordinance imposed an obligation on the defendant to have all stairways properly lighted. His finding continued as follows:
“I find that area was dark due to the lights in the third hallway being out. The plaintiff testified that she stepped on the tread of a worn down step and fell to the bottom. I am satisfied from the evidence that the step on which the plaintiff fell was worn down from use and wear but I am further satisfied and so find, owing to the limited space from the door to the step and the absence of the proper light, that the stairway was rendered dangerous and unsafe particularly at the landing where said plaintiff fell.
“I find that the absence of proper light in the stairway was a contributory factor to the plaintiff’s fall and the proximate cause of her injury.
“I find that at the time the plaintiff was injured she was living with her husband on the premises owned and controlled by the defendant.
“I find that the plaintiff at the time she was injured was exercising due care.
“I find that the defendant’s failure to maintain proper lighting of the stairway in accordance with the above City Ordinance was negligent and that said negligence contributed to the plaintiff’s injuries”.
The finding was for the plaintiff for $476.
The defendant claimed to be aggrieved by the denial of his requests which were denied and by the court’s failure properly to apply the others.
*423 The findings of the trial court indicate that it based, its decision for the plaintiff upon three grounds:
1. That the defendant was negligent in allowing a step on the stairs to become dangerously worn down;
2. That he was negligent in not having a light on the landing of the stairway on the fourth floor; and
3. That he was negligent because the light on the landing of the stairway on the third floor was not lighted.
What was the duty of the defendant to the plaintiff relative to the worn step? There was considerable argument at the hearing and in the briefs as to whether this was a common stairway which the defendant could be said to control. This seems unimportant. If we assume that it was a common stairway, it was the duty of the defendant to exercise reasonable care to keep the stairway in the condition with respect to safety in which it was or would appear to be at the time of letting. Schwartz v. Feinberg, 306 Mass. 331, 333. Ruane v. Doyle, 308 Mass. 418, 420. Flanagan v. Welch, 220 Mass. 186, 191. Nash v. Webber, 204 Mass. 419, 425. The duty of the defendant to the plaintiff if the stairway were not common would certainly be no greater. There is no evidence in the ease of any change of conditions in the stairway from the time the tenancy began, and in fact the briefness of the tenancy, less than three months, negatived any probable change. Therefore, there could be no negligence of the defendant based on the worn stair.
Was the defendant bound to provide a light for the landing of the stairway on the fourth floor? At common law the defendant was not bound to light the stairway. Carey v. Klein, 259 Mass. 90, 92. Heilbronner v. Scahill, 303 Mass. 336, 337. Gallagher v. Murphy, 221 Mass. 363. Whether the city ordinance required such lighting depended upon the definition there given of “Stair Hall.” Unless the stairway in question came Within the definition *424 there was no obligation to -light it. The ordinance defined a “Stair Hall” as a “Public- Hallway”, which in turn was said to include “stairs and stair landings used in common by the occupants of the building”. The evidence shows that the only persons using this particular stairway to the top floor were the plaintiff’s husband, herself and their guests. While it has been held that a stairway need not be used by many to make it common, Flanagan v. Welch, 220 Mass. 186, 191, 192, yet where it was used but by one tenant alone, we are of the opinion that it cannot fee held to be a common stairway. Certainly the Supreme Judicial Court took great pains to find additional uses before holding a stairway common in Ruane v. Doyle, 308 Mass. 418, 419. We therefore conclude that the defendant was not negligent in failing to have a light on the upper landing.
Was the defendant negligent in his failure to have the light on the third floor landing lighted? This light, with the others in the hallways was governed by a time clock which was regulated to turn on the lights at four o’clock P. M. When the plaintiff fell'at 7:30 P. M. the lights were not lighted. The evidence does not disclose the reason for this. It shows that the clock was wound on February 1st to run a week, and that no complaints were made of the lights not working between February 1st and the accident. The inference is that the time clock was not working properly. However, there was no evidence which in itself or by inference warranted a finding that the defendant had actual or constructive knowledge of ibis light not being lighted. There have, of course, been other cases where a landlord has been held liable- to a tenant for injuries caused by the landlord’s negligence in failing properly to light' a common stairway. In Faxon v. Butter, 206 Mass. 500, the light was turned out earlier *425 than usual. In Gallagher v. Murphy, 221 Mass. 363, it could have been found that the janitor failed to turn on the gas. In Maran v. Peabody, 228 Mass. 432, the lights were not turned on. In all these eases the landlord or his agents or servants could have been found to have been negligent in performing or failing to perform a certain act. In the case at bar, the defendant had installed a system governed by a clock to take care of the lighting of the common stairways. There was no evidence of the failure of the system to work properly up to the time of the accident. He did not perform or fail to perform any specific act, The defendant was not an insurer. Heap v. Smith, Vol. 2, Mass. Appellate Div. Reports, p. 620, and without actual or constructive knowledge of the failure of the lighting system to work he could not be found to have been negligent. Landlord & Tenant §694, 32. American Jurisprudence 571.
The defendant’s sixth request sought a ruling in accordance with the law as to notice as we have just stated it, and the denial of it constituted prejudicial error.
This case seems to have been fully tried and the report shows that a finding of negligence could not be supported on the evidence offered, for this evidence did not show any change in the condition of any step in the stairway, nor any obligation on the defendant under the city ordinance to have a light on the upper landing, nor finally, any notice, actual or constructive, to the defendant of the failure of the light on the third floor landing. There being therefore no evidence warranting a finding of negligence on the part of the defendant, not only should the defendant’s ninth request have been given, but there must now be judgment for the defendant.