KATHERINE McLEOD *vs.* SARAH RAWSON.

Suffolk.    March 28, 1913. — June 17, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Negligence,* In failing to light hallway.    *Nurse.*

*It seems,* that, if a professional nurse comes at the call of a physician to attend a patient, in a house owned and controlled by such patient and occupied by him with his wife, the wife of the patient owes the nurse no duty to maintain a light in a hallway of the house so that the nurse can pass through it in safety, unless the wife has undertaken this duty by promising the nurse that she will maintain such a light and the nurse relies upon the assurance.

If the wife of a patient, who is being attended by a professional nurse in his own house, promises that she will leave a certain electric light turned on at night so that the nurse can pass through the upper hallway in safety, and performs this duty in so negligent a manner that she turns off the light without any warning, and the nurse, relying on the wife's assurance that the light will be

maintained, passes along the hallway and by reason of the darkness falls down a stairway and is injured, the nurse can maintain an action against the wife for her injuries thus sustained, if she herself was in the exercise of due care; and it cannot be said as matter of law that she was careless in relying on the light in question to indicate the location of the stairway after the assurance given her by the patient's wife.

TORT for personal injuries, sustained by the plaintiff on August 4, 1908, while the plaintiff was engaged in the performance of her duties as a professional nurse in attendance upon the defendant's husband at the residence of the defendant and her husband in Arlington, and alleged to have been caused by the negligence of the defendant in failing to keep an electric light turned on in the night time so that the plaintiff could pass safely along an upper hallway, by reason of which the plaintiff in the darkness fell down a flight of stairs and suffered the injuries sued for. Writ dated February 1, 1912.

In the Superior Court the case was tried before *Wait*, J. The facts which could have been found upon the evidence are stated in the opinion. At the close of the evidence the judge at first submitted the case to the jury who returned a verdict for the plaintiff in the sum of $3,000. The judge then ruled that the action could not be maintained and ordered a verdict for the defendant. At the request of the plaintiff he reported the case for determination by this court, with a stipulation of the parties, that, if the ruling was right, judgment should be entered for the defendant; and that, if the ruling was wrong, judgment should be entered for the plaintiff in the sum of $3,000.

*F. P. Garland,* (*F. J. Daggett* with him,) for the plaintiff.

*G. A. Ham,* (*R. H. Willard* with him,) for the defendant.

DE COURCY, J. It was incumbent on the plaintiff to show that her injury was due to some undischarged duty that the defendant owed to her. The house in which the accident occurred was not owned or controlled by the defendant, but by Warren W. Rawson her husband, since deceased; and the plaintiff was called to the premises by his physician. There was no invitation, express or implied, extended to her by the defendant, and no relation existed between them that imposed upon the defendant a duty of keeping the premises reasonably safe for the plaintiff. The cases cited, such as those involving the duty of a landlord to his tenants and

persons on his premises in the tenant's right, and those of a shop-keeper to customers who visit him on business, are not in point. *Gordon* v. *Cummings,* 152 Mass. 513.  *Toland* v. *Paine Furniture Co.* 179 Mass. 501.  *Wills* v. *Taylor,* 193 Mass. 113.  *McGowan* v. *Monahan,* 199 Mass. 296.  *Marston* v. *Reynolds,* 211 Mass. 590.

But although the defendant was under no obligation, founded merely on the relation of the parties, to maintain a light that would enable the plaintiff to move about the upper hall in safety, yet if she promised the plaintiff to do so, and was negligent in the manner of performing that undertaking, she thereby became liable to the plaintiff, if the latter while relying on the promise was injured by the defendant's misfeasance.  *Gill* v. *Middleton,* 105 Mass. 477. *Riley* v. *Lissner,* 160 Mass. 330.  *Buldra* v. *Henin,* 212 Mass. 275. *Wilkinson* v. *Coverdale,* 1 Esp. 75.  *Hyde* v. *Moffat,* 16 Vt. 271. *Gregor* v. *Cady,* 82 Maine, 131.

The case is here on a report.  On the testimony of the plaintiff, the jury could find that on the night before the accident, during a conversation with the defendant with reference to the electric light at the foot of the back stairs, the plaintiff said, among other things, "You must not put out that light; you must leave that light burning at night always, while I am taking care of Mr. Rawson. . . . I have to be up and down these stairs, and I am ab-solutely dependent upon that light going into the little room, or I may fall down these stairs — the two passages are so near to-gether;" that the defendant replied: "All right then, I will leave it burning." They could find further that soon after the accident, the defendant said "You fell down those stairs, and I am so sorry I put out that light.  What did I put out that light for?"

It was necessary for the plaintiff to use the hall during the night in going to and from the bath room; and opposite the door of the bath room, and only three feet from the opening of the back stairs, was the door of the anteroom, which was connected with the room of the patient.  The plaintiff testified that she depended absolutely upon the reflection of the light at the foot of the back stairs to show her the entrance from the hall to the anteroom, that the rest of the hall was pitch dark, and that such was the con-dition as to light when the defendant conversed with her at eleven o'clock, before retiring.  On these facts it was for the jury to decide whether the defendant had undertaken to keep burning the elec-

tric light referred to, whether she was negligent in extinguishing it, and whether that was the cause of the plaintiff's injury.

The question whether the plaintiff herself was in the exercise of due care is not free from difficulty, but we are of opinion that this also was for the jury. It could be found that she was justified in entering the anteroom from the hall instead of from Mr. Rawson's room, because it was important in his critical condition not to arouse him. And we cannot say as matter of law that she was careless in relying on the light in question to indicate the location of the stairway, especially after the assurance given by the defendant, who apparently was in charge of the premises during her husband's illness. She had safely relied on this light several times during the night, the last time being less than an hour before the accident, and although its reflection was not distinct until she reached the door leading from the hall to the anteroom, she well might assume that as it was left burning by the defendant when retiring for the night, no one would be likely to extinguish it before daylight. In brief, it was for them to determine whether her conduct, as they found it to be on the evidence, measured up to the standard of reasonable prudence under the circumstances in which she was placed. *Faxon* v. *Butler,* 206 Mass. 500.

In accordance with the report judgment is to be entered for the plaintiff for $3,000.

*So ordered.*