THERESA GALLAGHER *vs.* MICHAEL P. MURPHY.

Suffolk.    March 24, 1915. — May 24, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant,* Failure to light common hallway, Terms of oral letting shown by conduct.    *Negligence,* Of one controlling real estate.

In an action against the proprietor of a tenement house by the mother of one of the defendant's tenants for personal injuries sustained by falling down a stairway after she had left the apartment of her son in the evening, there was evidence that whenever on previous occasions the plaintiff had left her son's apartment after dark a gas jet was lighted in the hallway, that on the occasion of the accident the light shone from the private hallway of her son's apartment into the common hallway and that the plaintiff did not notice that the hallway was otherwise unlighted until the door of the apartment closed behind her, when she stepped, as she supposed, upon a landing but in fact upon the stairway and fell.    *Held,* that a finding was warranted that the plaintiff was in the exercise of due care.    Following *Faxon* v. *Butler,* 206 Mass. 500.

*It seems* that, in the absence of any express or implied agreement or a statutory requirement, the proprietor of a tenement house, who is in control of the stairways and common passageways, is under no obligation to his tenants to light the hallways.

Where, in an action involving the duties of the proprietor of a tenement house toward one of his tenants, the contract of letting does not appear to have been in writing and there is no direct and positive evidence as to its terms, the conduct of the landlord and of the tenant, so far as the conduct of each was so open and notorious that it must have been known to the other, may be resorted to for the purpose of determining the terms of the tenancy according to the intention and contemplation of the parties.

In an action against the proprietor of a tenement house by the mother of one of the tenants, who sustained personal injuries by reason of the absence of light in a hallway under the control of the defendant, when the plaintiff, in leaving in the evening the lighted apartment of her son, had closed the door of the apartment behind her, if there is evidence which would warrant a finding that as a part of the contract of letting the apartment to the plaintiff's son the defendant had assumed the duty of seasonably lighting the gas in the common hallway on that floor and of maintaining the gas fixture in usable condition for this purpose and that on the evening of the accident he had failed in the performance of this duty, the question of the defendant's negligence is for the jury.

TORT for personal injuries sustained by the plaintiff on January 8, 1913, when she was leaving the apartment of her son on the third floor of the tenement house of the defendant numbered 9 on Ohio Street in Boston, by reason of the unsafe, dangerous,

dark and insufficiently lighted condition of the hallways and stairways of that building, which were under the management and control of the defendant. Writ dated February 3, 1913.

In the Superior Court the case was tried before *Dana,* J., who at the close of the plaintiff's evidence, which is described in the opinion, ruled that on all the evidence the plaintiff was not entitled to go to the jury and ordered a verdict for the defendant. By agreement of the parties the judge reported the case for determination by this court, with the stipulation that, if the plaintiff was entitled to go to the jury, judgment should be entered for the plaintiff in the sum of $2,500; otherwise, judgment was to be entered for the defendant.

*B. A. Brickley,* for the plaintiff.

*C. S. Knowles,* for the defendant.

RUGG, C. J.   The plaintiff according to her own testimony received, in a tenement house owned by the defendant, personal injuries under these circumstances: As she left the apartment of her son at about half past five o'clock on a January afternoon, the door opening into the common hallway closed behind her and thereupon she found herself in darkness while on the point of stepping in the usual way, as she supposed, upon a landing, but in fact at a stair, and she fell.   She was familiar with the place. There was evidence that whenever she had left her son's apartment after dark on previous occasions, a gas jet was lighted in the hall.   In this instance, the light shone from the private hallway of the apartment out into the common hall and she did not notice that it was otherwise unlighted until the door of the apartment closed behind her.   While this testimony was somewhat shaken on cross examination, its substantial accuracy was for the jury.   It was sufficient to support a finding that the plaintiff was in the exercise of due care.   There are some differences between the facts here disclosed and those of *Faxon* v. *Butler,* 206 Mass. 500, but they are of unimportant details and not of essential factors.   This case is governed by that on this point.   See also *McLeod* v. *Rawson,* 215 Mass. 257.

The plaintiff as the guest of her son, the tenant of the defendant, is entitled to recover if she can show that she was injured by the negligence of his landlord.   *Domenicis* v. *Fleisher,* 195 Mass. 281, 283.

It is familiar law that a tenant commonly takes premises as he finds them, with no duty on the part of the landlord to look after their safety. But where the landlord retains in his possession and control the common halls and passageways, the law imposes a duty, which may rest wholly upon implication or may be defined and specified by the terms of the contract of letting, to keep them in the same condition as to safety in which they are or appear to be at the commencement of the tenancy. *Miles* v. *Janvrin,* 196 Mass. 431; *S. C.* 200 Mass. 514.

There is no obligation under ordinary circumstances, in the absence of express or implied agreement or statutory obligation, on a landlord to light common passageways. *Stone* v. *Lewis,* 215 Mass. 594. See Ann. Cas. 1914 D 592 note for further cases. Any duty in this respect in the case at bar must rest on contract. *Flanagan* v. *Welch,* 220 Mass. 186.

The contract of letting does not appear to have been in writing. There was no direct and positive evidence as to its terms. Therefore the conduct of the landlord and of the tenant, to the extent that it was so open and notorious as to speak the understanding of the parties and as to be likely to have come to the attention of the other and to be of such character as to call for some action on his part if he did not assent to the implications fairly arising from it, may be resorted to for the purpose of determining what were the terms of the tenancy according to the intentions and contemplation of the parties. *Fitzsimmons* v. *Hale,* 220 Mass. 461.

There was evidence which would support a finding that as a part of the contract of letting, the defendant as landlord agreed to light the common hallway on the floor of the tenement of the plaintiff's son. It was conceded that it was the duty of the defendant to cause the gas to be lighted on the first floor and to be turned off at about ten o'clock each evening by means of an apparatus in the basement. It appears also to have been the duty of the defendant to maintain in repair the gas fixtures in the common hallway on each floor. The point of doubt relates to the lighting of the gas on the third floor. There was testimony to the effect that from the beginning of the tenancy it was the custom of the janitor of the building, an employee of the defendant, to light or cause to be lighted the gas on that floor.

Sometimes he would ask a "roomer" in the building to light the gas on that floor, at the same time giving him matches. The wife of the tenant testified that frequently she had complained about the hallway lights to the agent of the defendant, and that then the lights would be lighted all over the building, and that at the time of the accident no lights were lighted in any hallway, even on the first floor. There was also testimony that directly after the accident to the plaintiff, an attempt was made to light the gas on this floor and it could not be lighted. If this was the fact, it might have been found to be due to the failure on the part of the defendant's servant seasonably to turn the gas on to the supply pipe for this and the other gas jets at the common source in the basement or to some lack of repair in the gas fixture itself.

This body of testimony, together with the inferences which rationally might have been drawn from it, would support a finding that as a part of the contract of letting the tenement of the son, which the plaintiff was leaving at the time of her accident, the duty was assumed by the defendant as landlord that he would seasonably light the gas in the common hallway on the third floor and maintain the fixture in usable condition for this purpose, and that on the evening of the accident to the plaintiff the defendant negligently failed in the performance of this duty. The common hallway and the apparatus and fixtures for lighting it remained in the exclusive control of the landlord, and the tenant had only a right to enjoy the benefit of them. Under all the circumstances, although the case is close, it should have been submitted to the jury. *Marwedel* v. *Cook*, 154 Mass. 235. In accordance with the terms of the report, let the entry be

*Judgment for the plaintiff for $2,500.*