HUGH W. SUTHERLAND *vs.* HARRY FEINBERG.

Suffolk. October 20, 1927. — November 23, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Contributory, Motor vehicle. *Evidence,* Presumptions and burden of proof, Of identity.

A bill of exceptions, saved by the defendant at the trial of an action of tort for damage to an automobile of the plaintiff caused by a collision with an automobile of the defendant, stated in substance that there was evidence that the plaintiff was operating his automobile in a careful

manner and that the plaintiff saw the defendant operating his automobile in a careless and negligent manner; that a witness described a conversation between the plaintiff and the defendant after the accident at which he was present and at which the defendant said "something about fixing it up," and said to the witness, "Now who do you think was to blame?" and that upon the witness's expressing an opinion, the defendant said, "Oh, you don't know nothing about it." *Held*, that

(1) On the recitals of the bill of exceptions, the question of due care of the plaintiff and of negligence of the defendant were for the jury;

(2) The bill of exceptions contained evidence warranting a finding that the defendant was driving the automobile which collided with the plaintiff's automobile.

TORT for damage to an automobile caused by a collision with an automobile of the defendant.    Writ in the Municipal Court of the City of Boston dated November 28, 1925.

On removal to the Superior Court, the action was tried before *Flynn*, J.    Material evidence at the trial is stated in the opinion.    There was a verdict for the plaintiff in the sum of $250.    The defendant alleged exceptions.

*S. I. Jacobs*, for the defendant.

*M. Z. Kolodny*, for the plaintiff.

CROSBY, J.    This is an action to recover for damage to an automobile, caused by the alleged negligence of the defendant.    The bill of exceptions states: "At the trial . . . the plaintiff introduced evidence tending to show that he was operating his automobile on Memorial Driveway, in Cambridge, Mass., on October 10, 1925, in a careful manner, and, that plaintiff testified that he saw the defendant driving in a careless and negligent manner; that there was a collision between the two automobiles driven by the plaintiff and defendant; that the plaintiff's automobile was damaged, and that the plaintiff spent a certain sum of money in repairing his automobile."

The plaintiff further testified in substance that before the collision the car operated by the defendant had taken a "zig-zag course," and that he had stopped his car before it was struck by the car operated by the defendant.    He further testified that he had a conversation with the defendant directly after the collision at the place where it occurred.

One Garland, a witness called by the plaintiff, testified that he saw the accident, and he described the manner in which it occurred. He further testified that he heard the conversation between the plaintiff and the defendant. He was asked, "And what did they say with reference to the accident in the presence of one another?" and he answered: "Why, I heard Mr. Feinberg say something about getting . . . they got their names and registration, and then Mr. Feinberg said something about fixing it up, and he turned to me, 'Now who do you think was to blame?' and I plainly expressed my opinion right to him then"; that Mr. Feinberg then said: "Oh, you don't know nothing about it." The plaintiff and the defendant then rested and the defendant presented a motion that a verdict be directed in his favor, and filed two requests for rulings. Thereafter the presiding judge allowed the plaintiff to introduce further evidence and the following questions were put to him and answered. "Q. You testified Friday . . . in this case, Mr. Sutherland. Did you see the man in the court room, Mr. Feinberg? A. Yes. — Q. Did you see the man in court Friday who was driving the car? A. Yes. — Q. Is he the defendant in this case? A. He is." The foregoing is all the material evidence offered at the trial.

The record shows that the plaintiff testified without objection that at the time of the collision he was driving in a careful manner and that he saw the defendant driving in a careless and negligent manner. In view of this testimony and the other evidence, the questions of due care of the plaintiff and negligence of the defendant were properly submitted to the jury. It was also a question of fact for the determination of the jury whether the defendant was driving the car which collided with that of the plaintiff.

It could have been found that immediately after the collision the defendant talked with the plaintiff and "said something about fixing it up"; and that he asked the witness Garland who he (Garland) thought was to blame. From the foregoing evidence it could be found that the defendant admitted that he was operating the car. The evidence warranted a finding of the identity of the defendant. *Dolan* v.

*Mutual Reserve Fund Life Association,* 173 Mass. 197, 202.
*Ayers* v. *Ratshesky,* 213 Mass. 589, 593, 594.

The case is plainly distinguishable in its facts from *Bishop*
v. *Pastorelli,* 240 Mass. 104.

*Exceptions overruled.*