Eno, J.
This is an action of tort for personal injuries sustained by the plaintiff by reason of falling upon the defendant’s premises while she was rightfully thereon. The plaintiff alleged that the fall was caused by a dangerous, defective and slippery condition of the floor of said premises.
The defendant’s answer was a general denial and contributory negligence.
The plaintiff, on “a nice day,” went to the defendant’s store to pay a bill, and while walking through the store, slipped and fell on the floor. She was picked up by the manager of the defendant’s store, who first saw her when she was sitting on the floor about twenty feet from the counter where bills are paid at the rear of the store. The plaintiff then noticed “a surface mark like a heel slip” at the spot where she fell. The floor was “nice and shiny, *44 clean and smooth, ’ ’ which she had noticed when she came in the door. Where the mark was, the floor was “not shiny, but on each side of the mark, it was shiny.” “It appeared like wax.”
There was also evidence from the defendant’s employee who had waxed the floor the day before the accident. The floor was constructed of inlaid linoleum about one-half inch thick. The store is about twenty feet wide and fifty feet deep. In waxing the floor he poured about an inch of Johnson ’s Traffic wax, a commercial wax for large areas, into the bottom of a pail, and then, dipped a round string hand mop into the pail. Afterwards he daubed the surface of the floor in three or four places with the wax, following which he spread it around and then rubbed it in. He repeated this operation about three or four times, starting from the front to the rear of the store where bills were paid, a distance of about 35 feet. Before applying the wax, he had swept the floor. And when he finished his work, he looked it over and the wax was smooth and dry where he had applied it.
At the close of the trial, the defendant filed the following requests for rulings:
“ (3) The plaintiff has failed to sustain the burden of proving the cause of action alleged in her declaration. (4) The plaintiff has failed to sustain the burden of proving by a fair preponderance of the evidence that her injury was caused solely by the negligence of the defendant, its servants or agents. (5) The evidence does not warrant a finding for the plaintiff.”
all of which were denied by the trial judge who made the following findings:
“The plaintiff was injured by slipping and falling on the floor on September 24, 1945, when she went to the defendant’s store in Maynard about 9:00 A. M. to pay her electric light bill.
*45 “On the floor, there was a heavy inlaid brown linoleum with square patterns and a smooth surface. The floor had been swept and waxed the day before the accident, which occurred on a Monday morning. After the accident, there was a skid mark at the spot some 6 to 8 inches long. This mark was about 12 feet from the entrance and in a direct line back from the door to the Cashier’s desk. Where the mark was, the floor was not shiny, but on each side of the mark, it was shiny and had the appearance of wax.
“The defendant’s janitor swept this floor, which was about 20 feet wide and 50 feet deep, on the day previous to the accident. He poured about an inch of Johnson’s Traffic Liquid Wax into a pail; then, with a round string mop which he dipped into the pail, he daubed the liquid onto the surface of the floor in two or three places, spreading it around and rubbing it in. The part that he waxed was from the door back to the left display table and the pay counter in the back .of the store, a distance of some 35 feet. This operation took him about 45 minutes. There was no evidence before me that any other implement was used in rubbing it in than the mop with which the wax was applied.
‘ ‘ On all the evidence, I find that the wax was improperly and negligently applied and that the plaintiff was injured solely by reason of such improper and negligent use of the wax. I also find on all the evidence that the condition of the floor was not obvious to the plaintiff, whom I find to be a woman of ordinary intelligence, and I find that the plaintiff was in the exercise of due care.”
There was a finding for the plaintiff.
The defendant was not an insurer and “it owed only the duty to furnish a reasonably safe place for the use of those invited to its premises, and to refrain from wilful and wanton negligence toward those licensed to be upon them. ’ ’ Plummer v. Dill, 156 Mass. 426; McDermott v. Sallaway, 198 Mass. 517; Lord v. Sherer Dry Goods Co., 205 Mass. 1; *46 Norton v. Hudner, 213 Mass. 257; Howlett v. Dorchester Trust Co., 256 Mass. 544, 546.
In the ease at bar, the plaintiff could have been found to be an invitee. Smith v. New England Cotton Yarn Co., 225 Mass. 287, 289; Ventromile et al. v. Malden Electric Co., 317 Mass. 132.
Therefore, the sole question in issue raised by the three denied defendant’s requests is whether the evidence is sufficient to support the finding of the trial judge. Bresnick v. Heath, 292 Mass. 293; Home Savings Bank v. Savransky, 307 Mass. 601; Holden v. Bloom, 314 Mass. 309.
The Court very properly allowed the defendant’s requests to the effect that an owner may use wax in treating a floor without incurring liability to one who slips and falls thereon, unless he was negligent in the materials he used or the manner of applying it, and that mere slipperiness in and of ■ itself does not establish negligence. Kay v. Audet, 306 Mass. 337, 340; McGuire v. Valley Arena, Inc., 299 Mass. 351.
In the instant case, the court has found that “the wax was improperly and negligently applied” and that “the plaintiff was injured solely by reason of such improper and negligent use of the wax. ’ ’
The general and special findings of the trial judge are to stand if warranted in law upon any possible view of the evidence. Moss v. Old Colony Trust Co., 246 Mass. 139,143; O’Toole v. Magoon, 295 Mass. 527, 529, 530; Barttro v. Watertown Square Theatre, Inc., 309 Mass. 223, 224; and his findings of facts stand upon the same ground as the verdict of a jury and can be set aside only when they are without any foundation in the evidence. Schendell v. Stevenson, 153 Mass. 351, 354; Wylie v. Cotter, 170 Mass. 356; Bangs v. Farr, 209 Mass. 339, 341.
*47 However, in the case at bar, we are of opinion that the plaintiff has failed to prove negligence of the defendant warranting a finding in her favor. We think this case is governed by Kay v. Audet, 306 Mass. 337, and the cases cited therein.
Therefore, since defendant’s request numbered 5 should have been granted, the finding for the plaintiff is reversed and a new finding is to be entered for the defendant.