CHARLES BUCKNER *vs.* ROSE L. SUGARMAN & another.

Suffolk. October 7, 1949. — December 2, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Negligence,* Invited person; Employer's liability: place of work; One owning or controlling real estate. *Employer's Liability,* Place of work. *Evidence,* Admissions and confessions.

The owner of a tenement house was not liable to one who was employed by him to wash stairways therein and who, for his own convenience in dumping a pail of water, went upon a piazza rented to and in the exclusive control of a tenant and was injured when a defective rail of the piazza gave way and caused him to fall, where there was nothing to show that the owner had any right to invite, or did invite, the employee to use the piazza.

The mere fact that the owner of a tenement house replaced a defective piazza railing of one of the tenements after one in his employ had been injured due to the railing giving way was not, in the circumstances, an admission by the owner of liability for the accident.

TORT. Writ in the Superior Court dated November 26, 1946.

The declaration was as follows: "The plaintiff says that the defendants own or control a certain building . . .; that said building is occupied by both of the defendants; that on or about October 25, 1946, the plaintiff was on the said premises of the defendants for the reason that he was employed by them for work to be done in or about said premises; that the defendants were the persons having the control of a certain piazza or porch in the rear of said premises on the second floor, which said piazza or porch it was the duty of the defendants to keep in a safe condition for all persons having the right to pass thereon; but the defendants being wholly regardless of their duty in this respect, caused and suffered the said piazza or porch to be unsafe and in a dangerous condition by nonrepair. And the plaintiff, on or about said twenty-fifth day of October, 1946, having the

right then and there to pass over said piazza or porch in the due prosecution of his employment, fell when the defective railing of said piazza or porch gave way and the plaintiff was thereby, with great force and violence thrown to ground and greatly injured. As a consequence of the carelessness and negligence of the defendants, their agents or servants aforesaid, the plaintiff was greatly injured . . . ."

The case was tried before *Dowd,* J.

In this court the case was submitted on briefs.

*G. Petersen,* for the defendants.

*L. Kobrin,* for the plaintiff.

COUNIHAN, J. This is an action of tort to recover for injuries sustained by the plaintiff on October 25, 1946, when he fell from the second floor piazza of a three-story tenement house owned jointly by the defendants. The action was tried to a jury which returned a verdict for the plaintiff. To the denial of the defendants' motions for a directed verdict and to the denial of their motion to enter a verdict for the defendants in accordance with leave reserved, they excepted.

The evidence most favorable to the plaintiff discloses that at the time of the accident he was in the employ of the defendants, washing the back stairs leading from the first floor, which was occupied by Rose L. Sugarman, one of the defendants, to the second floor, occupied by one Harris, a tenant at will, and the back stairs leading from the Harris tenement to the third floor, occupied by Ruth E. Sugarman, the other defendant; that after he washed the latter stairway he went onto the piazza of the Harris tenement to dump a pail of dirty water over the piazza railing; that he put his hand on the railing and looked over to see whether there were any children in the yard below; and that while doing this the railing gave way and he fell to the yard. The railing was defective. The plaintiff testified that "rather than go back upstairs to walk over my wet floor before I waxed it, I went on Mrs. Harris's piazza to dump the water." There was further evidence that the plaintiff previously had worked for the defendants for six or seven

years as an odd job and cleaning man until November, 1945; that shortly before he quit he observed the defective condition of the piazza and brought it to the attention of Ruth E. Sugarman and she said she would have it fixed; that after his return to work for the defendants he had been on this piazza once before the day of the accident but did not look at the railing because Mrs. Sugarman told him she would have it fixed; that Rose L. Sugarman had seen him throw dirty water over the piazza railing on several occasions over a year before the accident and had told him not to do so when she had clothes on the line; and that he knew this piazza was part of the premises of Mrs. Harris. There was testimony by Ruth E. Sugarman that she knew the piazza railing was in need of repair and that she repaired it shortly after the accident.

This court has said, "It was incumbent on the plaintiff to show that her injury was due to some undischarged duty that the defendant owed to her." *McLeod* v. *Rawson*, 215 Mass. 257, 258. We consider first whether the defendants as employers, as alleged by the plaintiff in his declaration, violated any duty toward the plaintiff. On all the evidence it is apparent that the plaintiff's presence at the place where he was injured was not incidental to his employment. He was employed to wash the back stairs and there was no invitation, express or implied, by the defendants to use the piazza. On his own testimony he used it as a matter of convenience for himself. At best he was a mere licensee and the defendants could not be found to be liable for their negligence, if any, on account of the condition of the piazza. The promise to repair the railing was gratuitous and its nonperformance created no liability on the defendants. *Rathgeber* v. *Kelley*, 299 Mass. 444, 445, and cases there cited.

There is no question in this case as to duty of a landlord toward a tenant. The plaintiff states in his brief that he "has constantly maintained and insisted throughout that he does not rely on any rights derived from any tenancies." The plaintiff seems to rely upon acquiescence by the

defendants in the use of this piazza by him, but such acquiescence could not be effective because this piazza was in the exclusive control of the tenant and the defendants had no right to invite or permit the plaintiff to use it for any purpose. An invitation is not to be implied from a merely tacit assent to such use. *Zaia* v. *"Italia" Societa Anonyma Di Navigazione*, 324 Mass. 547, 549.

The fact that the railing was replaced after the accident by one of the defendants cannot. be construed as an admission of liability in the circumstances disclosed by the evidence in this action. *Shepard* v. *Worcester County Institution for Savings*, 304 Mass. 220, 222–223.

It follows therefore that the denial of the defendants' motions was error.

*Exceptions sustained.*
*Judgment for the defendants.*