MARY DONNELLY *vs.* ANNA A. LARKIN & another, executors.

Suffolk.   December 4, 1950. — April 5, 1951.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Landlord and Tenant,* Lights, Landlord's liability to tenant or his family or his invitee, Common porch, Contract of letting. *Negligence,* Contributory. *Tenants in Common. Real Property,* Tenancy in common. *Practice, Civil,* Parties, Requests, rulings and instructions.

An oral request for an instruction, presented at the conclusion of the charge to the jury without any special leave having been given under Rule 71 of the Superior Court (1932), had no standing as such, and an exception to a refusal of the instruction was overruled where the charge was not set forth in the record.

In an action against the landlord of an apartment house by an invitee of a tenant therein for personal injuries sustained from falling down the outside steps leading to a common entrance of the building on a night when a light above the steps was not turned on and it was so dark that the plaintiff could not see where she was going, evidence that the building was so situated that an outside light over the entrance was necessary, and that it had been provided and turned on every evening by the landlord from a time before the tenancy commenced, warranted

Donnelly *v.* Larkin.

the jury in finding that it was an implied term of the contract of letting that the landlord should maintain the light and turn it on at dark, and that his failure to do so on the night of the accident constituted negligence which contributed to the plaintiff's injuries.

Evidence that a plaintiff walked a short distance off a street and up a short flight of outside steps leading to the entrance of an apartment house on a rainy night when it was so dark that she could not see where she was going, rang the bell of a tenant with whom she had business, and, upon receiving no answer after waiting an appreciable period, started back down the steps, missed one and fell, did not require a ruling that negligence on her part contributed to her injuries.

In an action of tort for personal injuries sustained because of negligence in the maintenance of premises owned by tenants in common, the plaintiff need not join all the tenants in common as parties defendant.

TORT. Writ in the Superior Court dated October 24, 1944.

The action was tried before *Pinanski*, J. Proceedings before *Hudson*, J., after the trial are described in the opinion.

*W. F. Henneberry*, for the defendants.

*F. I. Rose*, for the plaintiff.

COUNIHAN, J. This is an action of tort for personal injuries sustained on November 24, 1942, because of alleged negligence of the defendants in failing to provide suitable lighting on the outside stairway of premises at 1972 Dorchester Avenue, Dorchester. The action was originally brought against Henry S. Clark and Hedley C. Nickerson, owners as tenants in common of said premises. Counsel for an insurance company which had issued a policy covering said premises appeared for the defendants and in their behalf filed an answer setting up a general denial and also contributory negligence. The action was tried to a jury who on May 9, 1946, returned a verdict for the plaintiff. The action comes here upon exceptions of the defendants.[1]

These exceptions fall into two classes: (1) those relating to proceedings at the trial, and (2) those relating to proceedings after the trial.

---

[1] Wherever hereinafter used the word "defendants" refers to Henry S. Clark and Hedley C. Nickerson who were named as defendants in the writ It will appear that Clark died on December 24, 1936, several years before the accident happened, and that Nickerson died on December 29, 1947, more than a year and a half after the trial and verdict. No mention of the death of Clark was made at the trial and he was treated as though he were living at that time.

We first consider the exceptions to the refusal of the judge to charge the jury as requested by the defendants, and to the denial by the judge of the defendants' motion for a directed verdict.

Following the charge, the defendants, who filed no written requests for instructions before closing arguments, orally asked the judge to instruct the jury on the effect of G. L. (Ter. Ed.) c. 278, § 10.[1]

Rule 71 of the Superior Court (1932) requires that "Requests for instructions . . . shall be made in writing before the closing arguments unless special leave is given to present requests later." As no special leave appears to have been given, the request had no standing. It is true that in certain circumstances where there has been an omission to charge adequately, even in the absence of specific requests by counsel, and where attention is properly directed to the omission and it is not remedied, an exception may be sustained if necessary to render substantial justice. *Mahoney* v. *Gooch*, 246 Mass. 567, 571. But such is not the situation here. "The charge is not reported and it must be assumed that full and accurate instructions on all issues were given." *Maidman* v. *Rose*, 253 Mass. 594, 596.

In considering the denial of the motion of the defendants for a directed verdict the familiar rule applies that "we need consider only evidence favorable to the plaintiff from whatever witnesses it came, even if it was more favorable to the plaintiff than his own testimony; and there is no error in such a ruling if there can be found anywhere in the entire evidence any set of circumstances that will support a reasonable inference in favor of the plaintiff." *Mazzaferro* v. *Dupuis*, 321 Mass. 718, 719. *Phillips* v. *Larson*, 323 Mass. 87.

The defendants contend that the evidence does not

---

[1] "If a crime is alleged to have been committed in the night time, night time shall be deemed the time between one hour after sunset on one day and one hour before sunrise on the next day; and the time of sunset and sunrise shall be ascertained according to mean time in the place where the crime was committed."

warrant a finding that there was any obligation on their part to furnish lights, and further that the defendants' negligence, if any, was not the cause of the plaintiff's injury. They also insist that the plaintiff was guilty of contributory negligence. We have said, however, "The plaintiff must recover, if at all, on the familiar principle that, in the absence, as here, of express agreement, a landlord owes a duty — breach of which would constitute negligence — to a tenant, and to persons using the premises in his right, to exercise reasonable care to keep the part of the premises remaining in the control of the landlord in the condition with respect to safety in which they were, or to a person of ordinary observation would appear to be, at the time of the letting." *Silver* v. *Cushner*, 300 Mass. 583, 584–585. *Marquis* v. *John Nesmith Real Estate Co.* 300 Mass. 203, 205. *Gill* v. *Jakstas*, 325 Mass. 309, 312. *Brown* v. *A. W. Perry Co.* 325 Mass. 479, 480–481. This rule is applicable to lighting. *Gallagher* v. *Murphy*, 221 Mass. 363, 365. The landlord owes the same duty to a person on the premises to do business with a tenant as to the tenant. *Marquis* v. *John Nesmith Real Estate Co.* 300 Mass. 203, 205. *Brown* v. *A. W. Perry Co.* 325 Mass. 479, 480–481.

We must therefore first determine whether or not there is any evidence from which a jury could reasonably find that the letting agreement here impliedly contained any obligation on the part of the landlords to maintain lights on the outside stairway where the plaintiff was injured. In *Gallagher* v. *Murphy*, at page 365, it was said, "The contract of letting does not appear to have been in writing. There was no direct and positive evidence as to its terms. Therefore the conduct of the landlord and of the tenant, to the extent that it was so open and notorious as to speak the understanding of the parties and as to be likely to have come to the attention of the other and to be of such character as to call for some action on his part if he did not assent to the implications fairly arising from it, may be resorted to for the purpose of determining what were the terms of the tenancy according to the intentions and con-

templation of the parties." See *Fitzsimmons* v. *Hale*, 220 Mass. 461.

From the evidence the jury could reasonably find that the plaintiff was on her way to visit Mrs. Graham, a dressmaker and a tenant on the third floor of these premises, to get a dress which Mrs. Graham had altered for her for a price. Mrs. Graham became a tenant in 1934. She had moved to California after the accident and there was no testimony from her at the trial. This building was a six family dwelling with two similar entrances, one for No. 1972 and one for No. 1974 Dorchester Avenue. Facing the building, No. 1972 was on the left and No. 1974 was on the right. There were five brick steps leading to the entrances. There was evidence that in the winter of 1931 there was a light at each entrance which was turned on "at nightfall, or near nightfall, going into dusk." There was further evidence that for a period of about four years prior to the accident these lights were maintained by the defendants and up to October, 1942, were turned on every evening by the caretaker by hand. Sometime in October, 1942, an automatic device was installed to operate the lights. This was located in the basement of the building and the adjustment of it was left to the manager of the building. At the time of the accident there was a dimmer on these lights because of war time restrictions, but if the lights were on the outline of the steps and the platform leading to No. 1972 could be seen. The lights outside and the light in the hall of No. 1972 were all on the meter of the landlords. The outside lights were supposed to be regulated to turn on at 5:30 P.M. or sundown on the day of the accident. If the manufacturer's regulations as to the operation of this device were not followed, the automatic device would not work properly. The nearest street lights were two hundred to three hundred feet away from the entrances. The building was set back from the street line about ten to fifteen feet, and there were obstructions in the form of trees between the building and the sidewalk, causing the area immediately about the building to be darker than the street.

In these circumstances the jury could find that the plaintiff arrived on these premises sometime after 6 P.M. to visit Mrs. Graham to get her dress. It was raining and very dark. She walked up the stairs and rang the bell of Mrs. Graham's apartment. Upon receiving no answer after waiting an appreciable period, she started to go back down the stairway. No lights were on at the entrances to the building and the hall light of No. 1972 was not on. As she put her foot out to step from the top step to the next one below, she missed the step and the heel of her shoe caught on the edge of the top step and she fell. It was so dark that she could not see where her foot was going. After lying on the ground some time she arose and walked up the stairs again and was admitted by a Mrs. Munroe, a daughter of the manager of the building, whom she told of her fall.

Having in mind the language in *Gallagher* v. *Murphy,* 221 Mass. 363, at page 365, which we have quoted above, we are of opinion that the jury could infer from all the evidence that one of the implied terms of the tenancy of Mrs. Graham was that the outside lights be turned on at dark. The building was so situated that an outside light was necessary, and it apparently had been provided from 1931 to the time of the accident. As we have said already, the duty of the defendants was not absolute but one of due care. We are of opinion that there was evidence from which the jury could warrantably find that the failure of the defendants to maintain the outside lights at the time of the accident was want of due care and amounted to negligence which contributed to the plaintiff's injuries.

The other contention of the defendants, that the plaintiff was guilty of contributory negligence, is without merit. They rely upon the rule, frequently stated, "that one who has incurred an injury while groping his way in a dark place with which he is unfamiliar is not in the exercise of due care." *Story* v. *Lyon Realty Corp.* 308 Mass. 66, 71. But such is not the rule in all circumstances. *Humphreys* v. *Portsmouth Trust & Guarantee Co.* 184 Mass. 422, 424. *McLeod* v. *Rawson,* 215 Mass. 257, 260. *Smith* v. *New*

*England Cotton Yarn Co.* 225 Mass. 287, 292. *Sodekson* v. *Lynch,* 314 Mass. 161, 166. The plaintiff, having proceeded a short distance off the street and up a short flight of stairs without trouble, could not be required to stand in the rain on the top step when she found Mrs. Graham was not at home. Whether or not she exercised due care in the manner in which she attempted to retrace her steps over the stairway was a matter for the jury.

There was no error in the denial of the motion for a directed verdict for the defendants.

We finally consider the exceptions of the defendants taken during proceedings after the trial and verdict. This action was commenced by writ dated October 24, 1944, and no service was made upon either of the defendants. Answer was filed on December 15, 1944. A pre-trial order under Rule 57A of the Superior Court (1932) was entered, after hearing, on February 19, 1946. In this it was declared that "The defendants admit that on or about November 24, 1942, they were the owners of the premises at No. 1972 Dorchester Ave., Dorchester, and were in control of those portions of the premises used in common by the tenants of the building." The trial proceeded on this theory, and during the course of the trial counsel for the defendants admitted that they were the owners and in control of that part of the premises where the accident occurred. On May 9, 1946, the jury after trial returned a verdict for the plaintiff. Thereafter on July 6, 1948, a suggestion of death of Henry S. Clark on December 24, 1936, before the date of the accident, was filed by the defendants. On the same day a suggestion of death of Hedley C. Nickerson on December 29, 1947, more than a year and a half after the verdict, was filed by the defendants. On October 13, 1948, the plaintiff filed a suggestion of death of said Nickerson and a motion that the executors under his will, Anna A. Larkin and Charles H. Pike, be joined as parties defendant. On October 22, 1948, the defendants filed the following motion to dismiss: "Now come the named defendants in the above-entitled action and through their attorney move that the

action be dismissed on the following grounds: 1. Because at the time of the alleged accident set forth in the declaration the named defendant, Henry S. Clark, was dead, he having died on December 24, 1936. 2. Because the defendant, Henry S. Clark, appeared on the deed of the property involved as owner as tenant in common with the defendant, Hedley C. Nickerson, and was dead at the time of the alleged accident referred to in the plaintiff's · declaration. 3. That no service of the writ was made on the defendant, Henry S. Clark, because he was dead before the action was commenced. 4. Because there was no proper or adequate service of the writ upon either or both of the defendants named in the declaration and therefore the court never did have jurisdiction of the parties named. 5. Because the court never has had jurisdiction of the named defendants in said action. 6. Because the entire proceedings were nullity from the beginning." On October 29, 1948, the plaintiff's motion to join the executors as parties defendant and the defendants' motion to dismiss were heard. On November 1, 1948, the judge made the following findings and rulings: "This action came on to be heard by me upon the suggestions of the death of both defendants, the plaintiff's motion that the executors of the estate of the late Hedley C. Nickerson be summoned in to defend the action, and the motion filed by the attorney of record for the named defendants that the action be dismissed. After arguments of counsel, I find that both the defendants named in the writ are now deceased. As to the alleged defendant, Henry S. Clark, it appears that the said Henry S. Clark died prior to the institution of the action. In respect to the named defendant, Hedley C. Nickerson, it appears that said defendant died on December 29, 1947, subsequent to the commencement of the action and the return of a jury verdict. In respect to the so called 'motion to dismiss' filed by counsel of record for both defendants, I have treated the same as an answer in abatement. I find that as to the so called defendant, Henry S. Clark, the action is a nullity and accordingly order that the action be dismissed as to the said

defendant, without costs. I find that as to the deceased, Hedley C. Nickerson, that the action was properly commenced and survives the death of the defendant. Accordingly the answer in abatement is overruled as to this defendant. The plaintiff's motion that Anna A. Larkin of Orleans, County of Barnstable, and Charles H. Pike of Norwood, County of Norfolk, as co-executors under the will of the deceased defendant, Hedley C. Nickerson, be summoned in to defend the action is to be allowed.'' The defendants excepted only to that part of the order of court allowing the executors to be joined. No exception was taken to that part of the order overruling the defendants' answer in abatement.

The defendants in their motion to dismiss contend and now argue that, since the action against Clark was declared a nullity, there was a failure to join all tenants in common, as they were at the time the cause of action arose. They assert that this is a fatal defect which they may avail themselves of at any time before judgment.

A short answer to this might well be that the pre-trial order and the admissions of counsel during trial eliminate this issue. *R. Dunkel, Inc.* v. *V. Barletta & Co.* 302 Mass. 7, 9–10. *Gurman* v. *Stowe-Woodward, Inc.* 302 Mass. 442, 444–445, 448. But even if this question be considered apart from its technical aspects, we are of opinion that there was no error in the order of the court, wherein the judge ruled that, in an action of tort such as this, the plaintiff need not join all of the tenants in common.

One of the cases relied upon by the defendants, *Sumner* v. *Tileston*, 4 Pick. 308, does not bear out their contention, for it was said at page 309, ''The plaintiff charges them as wrongdoers. The action is merely ex delicto, and the title of the defendants would not be affected by a verdict upon the issue. The plea in abatement states that one of the defendants died after the adjournment from February and before the sittings in June. . . . We are of opinion that the death of one under these circumstances is not a sufficient cause to prevent the plaintiff from proceeding against the

others." This principle is more clearly established by what was said in *Buddington* v. *Shearer*, 22 Pick. 427, at page 429, "It is a familiar rule of law, that in cases in tort, where two or more are liable to an action, they are liable jointly and severally; and therefore if one is sued alone, it is no ground of abatement that others, who are liable, are not sued." *Eckstein* v. *Scoffi*, 299 Mass. 573, 576. See *Marston* v. *Phipps*, 209 Mass. 552, 555; *Proctor* v. *Dillon*, 235 Mass. 538, 549.

*Exceptions overruled.*