CLARA W. WILSON, administratrix, *vs.*
JOHN H. MACDONALD.

Hampden.    April 8, 1965. — June 24, 1965.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Identity.   Motor Vehicle,* Operation.   *Evidence,* Transcript of testimony.

Evidence in an action that a hit and run automobile and its operator were similar in appearance to the defendant's automobile and the defendant,

that a piece of chrome found on an automobile struck by the hit and run automobile matched a piece missing from the defendant's automobile, and that paint found on the automobile struck was like the paint of the defendant's automobile warranted a finding that the defendant's automobile, driven by the defendant, was the hit and run automobile. [420–421]

No error appeared in an action in the admission in evidence under G. L. c. 233, § 80, of a portion of the transcript of evidence taken at a previous trial. [421]

TORT. Writ in the Superior Court dated December 4, 1959.

The action was tried before *Noonan,* J.

*Charles S. Cohen (William M. Fitzgerald* with him) for the defendant.

*Leonard S. Michelman (Merwyn J. Burstein* with him) for the plaintiff.

REARDON, J. In this action of tort for conscious suffering and death of Edward Wilson, the plaintiff's intestate (Wilson), the jury returned verdicts for the plaintiff. The case was heard originally by an auditor, findings of fact not to be final, who found that the plaintiff was not entitled to recover. The case is before us on the defendant's exceptions to the denial of his motions for directed verdict, for verdict under leave reserved, and for a new trial, and to the admission in evidence of testimony given by him at a previous trial.

We consider the evidence most favorable to the plaintiff. *Morton v. Dobson,* 307 Mass. 394, 396. *Donnelly v. Larkin,* 327 Mass. 287, 289. On July 29, 1959, at about 1 A.M., Wilson was in his automobile being towed in a westerly direction on Boston Road in Wilbraham. Having been signaled by Wilson, the driver of the towing car (Wilson's son) drove to the side of the road and stopped. A car approached from the west at high speed, struck the left front door of Wilson's car and continued in an easterly direction without stopping. The driver of the hit and run vehicle wore a short sleeved white shirt, and his hair was matted "like it was wet." Subsequent to the accident the defendant approached the scene driving a two toned light colored

Wilson *v.* MacDonald.

Buick sedan in a westerly direction. He was stopped and questioned by police officers. There was evidence that the defendant was wearing a white shirt and that his hair was wet and matted. A car similar in appearance to that driven by the defendant was seen headed easterly on Boston Road "within a couple of miles of the scene of the accident" shortly before the accident took place. The chrome headlight rim was missing from the defendant's car, and a piece of chrome found imbedded in the rubber lining of the trunk of Wilson's car "matched . . . the piece missing" from the defendant's car. The auditor, whose report was read to the jury by the defendant, found that paint scrapings taken from the door of Wilson's car were similar in color to the paint of the defendant's car, and paint from the defendant's car was similar to that found on Wilson's car. The defendant had consumed "three or four drinks . . . normal cocktail glasses" during the evening prior to the accident.

There was no error. There was sufficient evidence for the case to go to the jury. See *Sutherland* v. *Feinberg,* 261 Mass. 394. The jury could reasonably infer that it was more likely than not that the defendant was responsible for Wilson's injuries. Compare *Atlas* v. *Silsbury-Gamble Motors Co.* 278 Mass. 279. The motion for a new trial was properly denied. See *Bartley* v. *Phillips,* 317 Mass. 35, 42. Nor did the judge err in the admission in evidence of a portion of a transcript of the evidence from a previous trial. General Laws c. 233, § 80, authorizes the admission of such evidence, and it is to be presumed that the judge made all requisite preliminary findings. See *Taylor* v. *Harrington,* 243 Mass. 210, 213; *Chadwick & Carr Co.* v. *Smith,* 293 Mass. 293, 295.

*Exceptions overruled.*